ROSE CORLEY, Appellant, *v.* JAMES McELMEEL et al., Appellants, and ANNIE E. STOVER et al., Respondents.

1. APPEAL — RECORD. The Court of Appeals cannot disregard the record and look beyond its statement of the proceedings upon the trial, for the purpose of reviewing an alleged error of the court below in refusing the admission of evidence claimed on appeal to have been offered for a purpose other than that stated in the record.

2. WILL — TITLE OF DEVISEE TO REAL PROPERTY INDEPENDENT OF PROBATE. While the probate of a will disposing of real and personal property is essential to authenticate the title of the executor to administer upon the personal property, the title to the real property vests in the devisee by virtue of the instrument itself, unaided by its probate.

3. WILL — DECREE OF SURROGATE REJECTING WILL OF REAL ESTATE AS INVALID — NOT RES ADJUDICATA — JURY TRIAL. A surrogate's decree refusing probate to a will devising real and personal property upon the ground of its invalidity, is not *res adjudicata* between the parties to a subsequent partition action brought by an heir at law of the testator against a devisee under the will; and the latter is entitled to have the validity of the devise determined by a jury, although he may have voluntarily appeared in the proceedings before the surrogate and participated therein.

4. PARTICIPATION IN PROBATE PROCEEDING — NOT A WAIVER OF JURY TRIAL. Voluntary appearance and participation by a devisee in proceedings by the executor for probate of the will do not constitute a waiver

on the part of the devisee of the right to a trial by jury of the question of the validity of the devise, after the refusal of probate by the surrogate on the ground of the invalidity of the will.

   *Corley* v. *McElmeel*, 87 Hun, 23, affirmed.

(Argued March 11, 1896; decided April 14, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 13, 1895, which affirmed a judgment rendered at Special Term in favor of the defendant Annie E. Stover upon a verdict obtained on a trial of an issue of fact at Circuit, and also affirmed an order denying a motion for a new trial.

   The nature of the action and the facts, so far as material, are stated in the opinion.

   *Charles E. Hughes* and *Edward F. Dwight* for Margaret McCloskey, appellant. The Surrogate's Court has jurisdiction to determine all questions relating to the factum of wills of real property offered for probate. (Redf. on Surr. 150; Code Civ. Pro. §§ 1866, 2472, 2545, 2547, 2550, 2611–2617, 2622, 2623–2625, 2629; *In re Bartholick*, 141 N. Y. 172; *Anderson* v. *Anderson*, 112 N. Y. 104; Woerner on Admin. §§ 139, 141–145; Laws of 1799, chap. 4; Laws of 1801, chap. 77; Laws of 1802, chap. 110; Laws of 1806, chap. 148; Laws of 1807, chap. 145; Laws of 1810, chap. 36; Revised Laws of 1813, chap. 79; *Brick's Estate*, 15 Abb. Pr. 14–30; Laws of 1786, chap. 27; *Bowen* v. *Sweeney*, 89 Hun, 365; *Jackson* v. *Blanshan*, 3 Johns. 292; *Jackson* v. *Le Grange*, 19 Johns. 386; *In re Delaplaine*, 2 Civ. Pro. Rep. 35; *Kirby* v. *Potter*, 4 Ves. Jr. 748; *Mullins* v. *Smith*, 1 Dr. & Sm. 204; *Blood* v. *Kane*, 130 N. Y. 514.) The parties to this controversy were parties to the special proceeding in the Surrogate's Court and there litigated upon the merits the questions relating to the factum of the will. (Code Civ. Pro. §§ 2615, 2616, 2617, 2623.) The respondent Stover waived her right to a trial by jury. (Const. N. Y., art. 1, § 2; *Baird* v. *Mayor, etc.*, 74 N. Y. 386; *Lee* v. *Tillotson*, 24

Wend. 337; *T. Nat. Bank* v. *Shields,* 55 Hun, 274; *Cogs-well* v. *N. Y., N. H. & H. R. R. Co.,* 105 N. Y. 319; *Moffatt* v. *Mount,* 17 Abb. Pr. 4; *Shenfield* v. *Bernheimer,* 43 N. Y. S. R. 383; *Greason* v. *Keteltas,* 17 N. Y. 498; *W. P. I. Co.* v. *Reymert,* 45 N. Y. 705; *Hartman* v. *M. R. Co.,* 82 Hun, 531.) Between the parties to this action, the decree of the Surrogate's Court is conclusive proof that the will was obtained by fraud and undue influence. (Herman on Est. 109; Chase's Stephen's Digest, 87; *Powers* v. *Bank,* 129 Mass. 44; *Steinbach* v. *R. F. Ins. Co.,* 77 N. Y. 498; *Bowen* v. *Sweeney,* 89 Hun, 364; Code Civ. Pro. § 2625.; *Montgomery's Case* 2 Atk. 378; *Schultz* v. *Schultz,* 10 Gratt. 358; *Dublin* v. *Chadbourne,* 16 Mass. 433; *Tompkins* v. *Tompkins,* 1 Story, 547; *Osgood* v. *Breed,* 12 Mass. 525; *Parker* v. *Parker,* 11 Cush. 519.) The decree of the Surrogate's Court is *prima facie* evidence of the invalidity of the will. (*Baxter* v. *Baxter,* 76 Hun, 98; *Smith* v. *Bonsall,* 5 Rawle, 80.)

*Robert Sewell* for appellants McElmeel, McCarron and Corley. The surrogate s decree was conclusive. (Code Civ. Pro. §§ 2473, 2626, 2627; 2 Black on Judgments, §§ 633, 640; Wells on Res Ajudicata, §§ 422, 429; *O'Connor* v. *Huggins,* 113 N. Y. 511; *In re Hood,* 90 N. Y. 512; *Tompkins* v. *Tompkins,* 1 Story, 547; Woerner on Admin. §§ 139, 141–145; *In re Delaplaine,* 2 Civ. Pro. Rep. 35; *Bogardus* v. *Clark,* 1 Edw. Ch. 266; *Dickinson* v. *Hayes,* 31 Conn. 417; *Loring* v. *Steinman,* 1 Metc. 204; *Bolton* v. *Schriever,* 135 N. Y. 65; *Anderson* v. *Anderson,* 112 N. Y. 104.) It is a fundamental maxim of the law that one shall not be twice vexed by the same cause of action. (*Duchess of Kingston's Case,* 2 Smith's L. C. 580; *Sawyer* v. *Woodbury,* 7 Gray, 499; *Jetter* v. *Hewitt,* 22 How. [U. S.] 352; *Gates* v. *Preston,* 41 N. Y. 113; *Collins* v. *Bennett,* 46 N. Y. 495; *Smith* v. *Hemstreet,* 54 N. Y. 644; *Brown* v. *Mayor, etc.,* 66 N. Y. 385; *Blair* v. *Bartlett,* 75 N. Y. 150; *Dunham* v. *Bower,* 77 N. Y. 76; *Garrett* v. *Boering,* 68

Fed. Rep. 51.) The decree of the surrogate should have been admitted as presumptive evidence of the invalidity of the will, or at least as some evidence of its invalidity. (*Baxter* v. *Baxter*, 76 Hun, 98 ; *Smith* v. *Bonsall*, 5 Rawle, 80, Code Civ. Pro. § 2626.)

*Charles J. Patterson, Ayres & Walker* and *Boardman & Boardman* for respondents. The decree of the surrogate of the city and county of New York refusing probate to the will of Patrick Trenor, deceased, was not a conclusive adjudication against the right of Annie E. Stover to claim the real estate devised to her by that instrument, in this action. (*Riggs* v. *Cragg*, 89 N. Y. 479 ; *In re Underhill*, 117 N. Y. 471 ; *In re Hawley*, 104 N. Y. 250 ; *Jackson* v. *Rumsey*, 3 Johns. Cas. 234 ; *In re Kellum*, 50 N. Y. 298 ; Code Civ. Pro. § 2627 ; *In re Gouraud*, 95 N. Y. 256 ; *Norris* v. *Norris*, 32 Hun, 175 ; 63 How. Pr. 319 ; *Jackson* v. *Blanshan*, 3 Johns. 292 ; *Jackson* v. *Le Grange*, 19 Johns. 386 ; *Jackson* v. *Hasbrouck*, 12 Johns. 192.) The legislature never intended to have tried in the Surrogates' Courts upon probate proceedings the questions of title to land arising between the heir and devisee growing out of the existence of the will. (*Bogardus* v. *Clark*, 4 Paige, 623 ; *Weston* v. *Stoddard*, 137 N. Y. 128 ; *Lewis* v. *Cocks*, 23 Wall. 470 ; S. & W. on Titles, § 170 ; *Ward* v. *Ward*, 23 Hun, 431 ; Code Civ. Pro. § 2547 ; Laws of 1891, chap. 174 ; Laws of 1892, chap. 627 ; *In re Gouraud*, 95 N. Y. 256 ; *Hoyt* v. *Hoyt*, 112 N. Y. 504, 505 ; *Baxter* v. *Baxter*, 76 Hun, 98 ; *Smith* v. *Bonsall*, 5 Rawle, 80.) The appellants cannot claim here that the surrogate's decree was presumptive evidence against the will, because they did not present that point on the trial before Mr. Justice GAYNOR. (*McKeon* v. *See*, 51 N. Y. 300 ; *Clews* v. *Kehr*, 90 N. Y. 635 ; *Sterrett* v. *T. Nat. Bank*, 122 N. Y. 659 ; *Mook* v. *Parke, Davis & Co.*, 9 Misc. Rep. 90 ; *Akersloot* v. *S. A. R. R. Co.*, 30 N. Y. S. R. 146.) The decree of the surrogate was not admissible as presumptive evidence against the existence and validity of the will. (Code

Civ. Pro. §§ 2498, 2499, 2627; *Bogardus* v. *Clark*, 4 Paige, 623; *Harris* v. *Harris*, 26 N. Y. 433; *Hoyt* v. *Hoyt*, 112 N. Y. 504; *Bethlehem* v. *Watertown*, 51 Conn. 490.)

GRAY, J.   In order to have a clearer understanding of the appellant's case, it is necessary to state a few facts connected with the litigation.   The action was brought by plaintiff, as one of the heirs at law of Patrick Trenor, deceased, for the partition of certain real estate, of which he died seized, and she joined as parties defendant the other heirs, the executors of his will and Mrs. Stover, to whom he had devised his real estate.   The complaint alleged the presentation of the will to the Surrogate's Court of the city and county of New York for probate and a decree thereof adjudging the will to be void; for having been obtained by fraud.   The answer of the respondent Stover asserted the validity of the will and claimed the property devised to her thereby.   When the issues came on for trial in the Supreme Court, before Mr. Justice KELLOGG and a jury, the surrogate's decree above mentioned being offered in evidence by plaintiff and being objected to, a stipulation of the parties was entered into; whereby all the issues, except that touching the validity of the will, were to be tried by the court without a jury and, if it should thereupon be decided that the validity of the will had not been determined conclusively, that that issue should be tried at some subsequent term of the court by a jury.   The jury then being discharged, the surrogate's decree was received in evidence and decision was reserved as to its effect.   Thereafter, Mr. Justice KELLOGG filed his decision; which found the facts as to the relationship of the parties and as to the proceedings for and upon the probate of the will; also, that Mrs. Stover, "claiming to be a legatee under the said alleged will and testament, duly appeared and was a party to the proceeding, etc.;" and that the decree of the surrogate had adjudged the will to be void. As conclusions of law, he held that the decree was not conclusive as to the parties claiming under the will; that the will

might be proved in the action by any party claiming any interest in the lands and that, under the stipulation, the issue touching the validity of the will must be tried by a jury. Thereafter, that trial came on before Mr. Justice Gaynor and a jury; who rendered their verdict in favor of Mrs. Stover upon the issues and, upon the receipt of that verdict, the court rendered a decision that she was entitled to a judgment dismissing the complaint upon the merits; adjudging the validity of the will and that she became seized, in fee simple absolute, of the real estate described in the complaint. Upon that trial plaintiff's counsel, before opening the case to the jury, offered the decree of the surrogate in evidence " on the ground that it was *res adjudicata* " and argument pro and con was heard upon this proposition. The court excluded it and again, when, after opening the case, the offer of the decree was repeated, its admissibility was placed upon the ground stated in the argument; namely, that it was *res adjudicata* and the " final determination of the rights of the parties."

The General Term affirmed the judgment, and, upon this appeal, the appellants have insisted, in substance, that as the Surrogate's Court had jurisdiction to determine all questions relating to the *factum* of the will, and as Mrs. Stover had voluntarily appeared in that proceeding, where the merits were fully litigated, she had waived her right to a trial by jury and that, as between the parties, the surrogate's decree was conclusive proof of the invalidity of the will. The appellants do claim, also, that the decree was *prima facie* evidence of the invalidity of the will and should have been received upon the trial as evidence of that character, in aid of the plaintiff's case. It is difficult to see how this court, in its review of the determination made below of the issues between the parties, can disregard the record and look beyond its statement of the proceedings upon the trial, without assuming a scope of jurisdiction not intended, nor understood, to be exercised by it. We cannot say, nowithstanding the insistence of counsel, in the absence of a statement to that effect, that the surrogate's decree was offered as *prima facie* evidence, if not

admissible as evidence of a prior adjudication conclusive upon
the litigants now. Indeed, it seems strange, if the offer
and argument upon this later trial related to the admissi-
bility of the decree as *prima facie* evidence, that it should not
so appear upon the record. The appellants made up the
record on appeal and must have had in mind, as they had
before them, the opinion of Mr. Justice KELLOGG upon the
preceding trial; wherein he suggested, but without undertak-
ing to decide it, the question of the decree being admissible in
that character. This fact and the preciseness of the statement
in the appeal book forbid us from regarding the record other-
wise than as it is made to appear. The introduction of the
decree might, or might not, have had an effect upon the
minds of the jurors; but it is too late to argue the question
now. The question then is, whether the decree of the Surro-
gate's Court concluded the respondent, Mrs. Stover. She was
not cited upon the proceeding there and she was not a neces-
sary party to the probate of the will. The finding of the court
as to her appearance is that she did appear, claiming to be a
legatee under the will, and continued to be a party to the
proceeding. While the term "legatee" is somewhat
indiscriminately used to describe one who takes per-
sonalty or realty under the provisions of a will, we cannot
say that Mrs. Stover was not, in strict legal parlance,
interested as a legatee, as well as a devisee, and that being
the case, her appearance in the contest before the surrogate
may have been to aid the proponents of the will in establish-
ing its conclusiveness as a will disposing of the testator's
personalty; of which, as it was, also, found, he died possessed
to an amount sufficient to pay his debts and his legacies. If
we take a broader view of Mrs. Stover's appearance in the
proceeding, we are not able to say, however unnecessary and
however general it was, that it was at the risk of her being
concluded by the result, in so far as the realty was concerned,
and as to the personalty bequeathed, her appearance had no
effect upon the decree to make it any the more conclusive.
The decree of the surrogate admitting to probate a will pro-

posed is conclusive as an adjudication, with respect to its competency to distribute the testator's personal property, and this conclusiveness extends to all parties duly cited, or who appear, until reversed on appeal, or revoked by the surrogate. (Code, § 2626.) Its rejection, though not expressly provided for, obviously, prevents its operation as a will of personalty. What is the effect as to the real property devised? A distinction suggests itself, at once, when considering the effect of the proceedings for the probate of a will disposing of real and personal property, and that is that probate is essential to authenticate the title of the executor to administer upon the latter species of property; while, as to the former, title vests in the devisee by virtue of the instrument itself, unaided by its probate. A will is competent at any time to establish a devisee's title, upon production and proof then being made of its validity as the devisor's will.

By section 2627 of the Code, when the decree admits a will of real property to probate, it establishes presumptively only all the matters determined by the surrogate, and upon the trial of an action, in which a controversy arises concerning it, it may be read in evidence, with the testimony taken in the probate proceeding. The omission to provide as to a decree, which refuses admission to probate, is noticeable and somewhat suggestive. It is true that there is no provision relating to the finality of a decree which rejects a will of personal estate. But that does not seem so striking; inasmuch as without admission to probate the will is inoperative and the executor is without authority to distribute under its provisions. The will may be the foundation of the executor's title; but it is essential to a valid exercise of the authority conferred by its provisions, that letters shall be granted to him by the Surrogate's Court. As before said, admission of a will to probate is not essential to validate the devisee's title to the realty.

The jurisdiction of the surrogate is only such as is conferred by the statute and though a scheme for the determination of the *factum* of wills of real property, as well as those

of personal property, is provided by the Code of Civil Procedure, it is not to be regarded as exclusive of the right, which existed at common law in favor of heir and of devisee, to a trial by jury of the question of the title to the testator's real property. The surrogate's decree, as to a will of personalty, is made conclusive by force of the statutory provision, (Code, § 2626), giving it such effect, if favorable to the will; and if unfavorable, it is, in fact, conclusive; because the transmission and distribution of the property bequeathed are checked. It was always considered, when the provisions of the Revised Statutes were the source of the surrogate's authority, that his decree did not, and could not, conclude the question of the validity of a testamentary devise of real property, in a subsequent litigation involving the title thereto. (*Bogardus* v. *Clark*, 4 Paige, 623; *Harris* v. *Harris*, 26 N. Y. 433.) We think that 'is true now under the Code. That the surrogate's admission to probate of a will of real property has its advantages is, of course, plain enough. In the first place, it entitles the will to be recorded as a . proved will and, in the second place, in a subsequent litigation over the real property devised, the devisee defending his title has the benefit of the presumption arising from the production of the surrogate's decree and the testimony upon which it was rendered. Also, the devisee is protected against the claim of a purchaser in good faith from the heir at law. (Code, § 2628.) These are manifest advantages and render the admission of the will to probate a desirable thing; but they are only advantages and nothing more. The title of the devisee is still open to litigation at the instance of the heir at law, who is not concluded by anything which has taken place in the Surrogate's Court.

The learned counsel for the appellants have not been able to sustain their position by the authority of any decided case; but rely upon these two propositions. The Surrogate's Court had authority to determine all questions relating to the *factum* of the will in question — an authority which had expanded, from the narrow limitations existing with respect

to Surrogates' Courts prior to the Revised Statutes of 1830, into the completer jurisdiction conferred by the present Code — and possessing that jurisdiction, the respondent, Mrs. Stover, by making herself a party to the proceeding there, must be regarded as having waived her right to a trial by jury and as being concluded by the decree of the surrogate. There is, seemingly, some ground for the objection to the legal view of two trials being possible; wherein, as between the same parties, different results may be reached in the two courts. But that cannot be allowed to have weight; unless there is a question of policy, which should compel us to hold a different view and to say that one trial of the question of the *factum* of a will is enough. Overlooking the point that the finding of fact describes the respondent's, Mrs. Stover's, appearance in the surrogate's proceeding as having been in her capacity as a legatee, we should hesitate to say that any public policy demanded the denial of her right as devisee to a trial by jury, in such a case, and we think that such a right, existing as it did at the time of the adoption of the State Constitution, was preserved thereby and is inviolate. The right to a jury trial, when a devise of real estate was in question, was deemed at common law to belong to the heir or devisee, and that it continues to exist would seem to follow from the provision of the Constitution, which guaranteed it in all cases, in which it had been previously used. The Code recognizes the right; when it provides that in the action of partition, which the heir may bring and in which he may put in issue the validity of a devise, the issue of fact is triable by jury. ( §§ 1537, 1544.) And when the Code makes the decree admitting to probate a will of real property presumptive evidence only, in a subsequent action, and fails to provide as to the effect of a decree refusing probate, we have some evidence of the legislative understanding that the surrogate's decree is not to be conclusive as an adjudication. Nor would it be just to give a greater effect to the decree which rejects, than to that which admits a will. The purpose of the Code is to give a *prima facie* force, in a subsequent controversy over the will, to a decree admitting

it to probate ; but in case of the refusal to admit, the decree is given no legal effect upon subsequent litigation, and its effect is necessarily confined to the proceeding initiated before the surrogate.

It may be observed that the result of a proceeding in the Surrogate's Court denying probate to a will disposing of real estate, etc., is of importance to the devisee ; for whereas, if the will is admitted to probate, the decree is presumptive evidence and he may read in evidence the testimony taken in the proceeding in which it was made, with full force and effect, in a subsequent action ; the failure of probate leaves the devisee under the burden of establishing the will, in respect of its execution and of its validity. Notwithstanding the extension of the limits of the surrogate's jurisdiction, we perceive no sufficient reason for departing from the former rule, which allowed those claiming under a will to set it up and to establish their title by common-law evidence, in an action where the title to the real estate devised is involved, notwithstanding a failure to have the will probated. (*Harris* v. *Harris, supra*.) Conceding the full jurisdiction of the surrogate to determine the questions relating to the *factum* of a will, disposing of the testator's real property, we cannot hold it to be, or to have been intended by the Code to be, an exclusive jurisdiction.

Nor can we hold that there was any waiver of the constitutional right to a trial by jury of the title to the land devised. While that, as a personal right, is capable of being waived, the case must be one where the right exists as an absolute one and that was not this case. It was a matter of discretion with the surrogate to direct a trial by jury of the issues of fact. (Code § 2547.) It is not a sufficient answer to say that the respondent (devisee) might have demanded such a trial from the surrogate. It should have been an absolute right, which not being insisted upon, the law might consider as having been waived.

We have considered the question broadly, notwithstanding that we are indisposed to regard the appearance of Mrs. Stover in the Surrogate's Court as other than in her capacity as

a legatee of a portion of the personalty.    Though unnecessary, and though the contest was over facts concerning the making of the will, which were involved in this action, we think she had done nothing thereby to debar herself from meeting the issue tendered by the complaint as to this will and from having its validity, as a testamentary disposition of the testator's land, determined by a jury summoned for the purpose.

The questions presented by this appeal are not without difficulty and the counsel for the appellants have argued them upon their briefs with much skill ; but we are not convinced that there has been any error in their determination and our consideration of the case leads us to the conclusion that the judgment appealed from should be affirmed, with costs.

BARTLETT, J., dissents on the following grounds :

1. The Surrogate's Court having jurisdiction to determine the *factum* of a will of real property, its decree against the validity of such a will is presumptive evidence of its invalidity and should have been admitted at the trial as having that effect.

2. The proceedings before Judges KELLOGG and GAYNOR, in the light of the stipulation, are practically one trial, and the respondents are in no position to aver surprise as to appellants' claim that the decree was at least competent as presumptive evidence of the invalidity of the will.

All concur, with GRAY, J., for affirmance, except BARTLETT, J., who dissents on grounds stated in memorandum.  .

Judgment affirmed.