FREDERICK CORRELL and CHARLES GULDEN, Appellants, *v.* WILLIAM LAUTERBACH, Respondent.

*Marketable title — power of sale to an executor with the concurrence of certain trustees — such concurrence required where the trust has devolved on the Supreme Court.*

A testator divided his residuary estate into two equal parts and created each part a separate trust, giving one part to his son Rodman M. Price, as trustee, and the other part to three persons by the name of Suckley, as trustees; and by the fourth clause of his will directed that all the estate should, from time to time, be divided into two equal parts by his executors, with the concurrence of the trustees mentioned in the will, the purpose being to distribute the proceeds equally between the two trusts created by the will; he appointed his wife and three other persons executors thereof, all of whom qualified as such in the State of New Jersey, and the widow also qualified as executor in the State of New York. Of the four trustees appointed by the testator, two died and one declined to accept the trust.

In furtherance of the scheme of the will, the widow, as executor, with Rodman M. Price, the fourth trustee, but without the concurrence of any trustee of the Suckley trust, which trust in default of a trustee had devolved upon the Supreme Court, executed a conveyance of premises in the State of New York belonging to the estate.

In an action in which the validity of the title to the lands conveyed was disputed, it was

*Held,* that the power of sale was given to the executors as such, to be executed by those to whom letters testamentary were issued;

That while, under section 55 of 2 Revised Statutes, 109, the conveyance by the executor who qualified in the State of New York would ordinarily be valid, yet, as in this case the executors derived their power of sale only from the fourth clause of the will, the exercise of such power must be governed by the provision which required a concurrence of the trustees, and as no trustee of the Suckley trust had concurred therein, the attempted execution of the power was defective;

That the concurrence of the Supreme Court, which had succeeded to the vacant Suckley trust, could be secured only after a hearing of all the persons interested therein.

APPEAL by the plaintiffs, Frederick Correll and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 6th day of December, 1895, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint upon the minutes.

*David B. Ogden* and *Abram I. Elkus*, for the appellants.

*George Hoadly, Ferdinand R. Minrath, Abraham L. Jacobs* and *Samuel F. Jacobs*, for the respondent.

RUMSEY, J.:

The action was brought to compel the specific performance by the defendant of a contract to purchase lands of the plaintiff, and the answer alleged that the plaintiff's title was imperfect and for that reason the defendant insisted that he should not be compelled to carry out the contract. The lot was at the corner of Madison avenue and Eighty-seventh street, being about 63 feet on Eighty-seventh street and something over 100 feet on Madison avenue, and the defect consisted in the failure of the title to a strip about 11 feet wide, extending the whole length of the lot on Madison avenue, so that the entire frontage on that street was cut off.

It is conceded that Francis Price was the owner of this property, including the strip to which the title was defective. Francis Price made his will on the 1st day of February, 1864, and died on the second of June of the same year. By the will he appointed his wife, Mary L. Price, and three other persons executors. He divided his property into two equal shares, one of which, after deducting some legacies from it, was devised to his son, Rodman M. Price, upon certain trusts. The other share, which is called the Suckley trust, was devised to three persons of that name upon certain other trusts. By the fourth clause of the will the testator directed that all his estate, real and personal, should from time to time be divided into two equal parts by his executors with the concurrence of the trustees mentioned in the will. This authority was given to the executors for the purpose of distribution among the two shares, which were devised to Rodman M. Price and the Suckleys as trustees respectively. The title to the particular piece of land involved in this action was devolved to the plaintiffs by a deed from Mary L. Price, one of the executors of the will of Francis Price with the concurrence only of Rodman M. Price as trustee under the will, and this conveyance is claimed to be defective.

The first objection made by the defendant to it is that the conveyance should have been made by all the executors named in the will, and that a deed executed by Mary L. Price alone was not sufficient,

even had the trustees appointed concurred in it. It appears from the case that Mary Price alone qualified as executor in this State, and letters testamentary were issued to her alone in the State of New York. It also appears that all the executors named in the will qualified in the State of New Jersey, and letters testamentary were issued to all of them in that State. The defendant claims, however, that the fact that Mary Price alone qualified as an executor in this State is a matter of no importance, because he says that the power to sell was given to the executors as a body, and they took it under the law without regard to the question whether or not they qualified as such. This land being situated in the State of New York, the law of this State, of course, applies as to the manner of its conveyance. The Revised Statutes provide that where any real estate is ordered by a last will to be sold by executors, and any executor shall neglect or refuse to take upon himself the execution of the will, then all sales made by the executor, who shall take upon himself the execution of the will, shall be equally valid as if all the other executors had joined in such sale. (2 R. S. 109, § 55.) If the act of the executors in conveying this land was a part of their duty as executors under the will, then it follows that the person who qualified might act alone under the statute above cited. But, if the executors took the title to this land or the power to convey in any other capacity than as executors, so that their power arose from the will and not from the letters testamentary which were granted to them, then the case is presented where a power is given to several persons, in which it must be exercised by all or by a majority of those named as donees of the power. We think that in this case the executor, in making this conveyance, acted as such. The will prescribes that the executors are to divide the property, and this is done for the purpose of carrying out their duties as executors to make distribution. The power to convey arises from the positive necessity of distribution and not otherwise. This duty is not given to the persons named as executors for any other purpose than to enable them to carry into effect the power of distribution, which is essentially an executorial duty, and such a duty is to be performed only by the person who takes upon himself the performance of a will and to whom letters testamentary are issued.

There is a class of cases in which it has been held that the power granted to executors to sell is personal in its nature and not official, and they take the power under the will without reference to the granting of letters testamentary to them. Such a case was *Bolton* v. *Jacks* (6 Robt. 166). In that case the testator devised the property to Burrowes, who was also named as executor. The will gave to him a power of sale of the real estate for certain purposes named therein, which were not connected with any duty which was imposed upon him as executor, but were to be performed by him as trustee. That being the case, the court held that he obtained his right and power to convey by the devise itself and not by virtue of the probate of the will, precisely as any other devisee under a will takes title. Such, also, was the case in *Corley* v. *McElmeel* (149 N. Y. 228). In each of these cases a title was vested by the will, and the person in whom it was vested took it without regard to any act of the surrogate; but in the case at bar the executors took no title. All the property they had was a power in trust (1 R. S. 729, § 56), and that power devolved upon them to enable them to act as executors; and, therefore, they took it only by reason of their capacity as such. It was given to them to enable them to distribute the estate, and that could be done only by the executor acting as such, and, therefore, only by one who had qualified and to whom letters testamentary had been issued. But an executor as such has no power of sale of real estate, nor any power to interfere with the real estate unless it is given to him by the will of the testator, and when he takes under such a will of course he must exercise that power according to the directions of the will. The only power given to these executors to sell real estate was that contained in the fourth clause. That clause required the concurrence of the trustees. This concurrence was not had. Rodman M. Price, who was trustee under one of the trusts created by the will, concurred in the sale in proper form. The conveyance contained, besides his concurrence, a certificate by him and Mary Price, to the effect that, of the three Suckleys who were named as trustees of the other trust, two were dead and one had declined to accept the trust. The plaintiffs claim that this was a sufficient concurrence on the part of the trustees of the other trust, because they say there was no trustee of the Suckley trust. In this we

think the plaintiffs are in error. By the express provision of the statute, upon the death of the trustees, who took upon themselves the execution of the trust, the Suckley trust devolved upon the Supreme Court (Laws of 1882, chap. 185), and it was thereafter to be executed by the court by the hand of such person as it should select for that purpose. As soon, therefore, as the trustees under that trust had died, the Supreme Court became the trustee and the power of concurring in the sale devolved upon it. No conveyance without such concurrence could be good, and for that reason the conveyance by Mary Price, concurred in only by Rodman M. Price, was not a sufficient execution of the power of sale vested in her by the deed, and the title attempted to be conveyed by her was defective.

It is claimed by the plaintiff that if that were so it would be proper and competent for the Supreme Court, being a trustee, to announce in this action its concurrence in that sale and thereby perfect the title which was defective. This claim clearly is not well founded. Before that title could be concurred in by the court acting as trustee, it would be necessary that all persons who have an interest in the estate should be heard and that the New York Life and Trust Company, which has been selected by the court as its agent to manage the trust under its direction, should also be heard, that it might be ascertained whether there were any objections to the concurrence by the court in this act of the executors.

The title sought to be enforced by the plaintiffs was defective in the particular mentioned above. Without considering any other objections to the title, this is sufficient to require us to affirm the judgment, with costs.

VAN BRUNT, P. J., WILLIAMS and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.