---

### In re GOLDSTICKER'S WILL.

(Supreme Court, Appellate Division, First Department. January 24, 1908.)

1. WILLS—REVOCATION—STATUTES.

Under 2 Rev. St. (1st. Ed.) p. 64, pt. 2, c. 6, tit. 1, § 42, requiring the revocation of a will to be by another valid will, or some other writing by the testator, or by burning, tearing, etc., one of three mutual wills, made under an oral agreement that they should be operative only so long as all of the testators remained unmarried, was not revoked by the marriage of one of the testators.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 469.]

2. SAME—PROBATE—CONCLUSIVENESS OF REFUSAL OF PROBATE.

Code Civ. Proc. § 2626, provides that a decree of the surrogate's "admitting" to probate a testament is conclusive upon all questions therein determined, and Code Civ. Proc. § 2627, provides that a decree "admitting" a will of realty is presumptive only as an adjudication of the questions determined. On application for probate of a will, contestants offered in evidence of revocation a later will, probate of which had been refused in a contest in which the parties were the same. Held, that the evidence was inadmissible; a decree refusing probate being as conclusive in subsequent proceedings in the Surrogate's Court as to matters thereby determined as a decree admitting to probate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 920–922.]

3. SAME—WILL OF REALTY—REVIEW OF PROBATE—EFFECT OF SURROGATE'S DECREE.

Though a will of realty has been refused probate by the surrogate, a devisee thereunder may bring an action in the Supreme Court to establish its validity, and the surrogate's decree in proceedings between the same parties will not be conclusive evidence of its invalidity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 920–922.]

4. SAME—PRIMA FACIE EVIDENCE.

Though an earlier will of testator was admitted to probate by the surrogate and a later will refused probate, the devisees and legatees under such rejected will may, under the express provisions of Code Civ. Proc. § 2653a, bring a proper action in the Supreme Court to establish the in-

validity of the probate of the earlier will, and the surrogate's decree refusing probate to the later will will be only prima facie evidence of its invalidity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 920–922.]

Appeal from Surrogate's Court.

Application by Louis and Martin Goldsticker for probate of the will of David Goldsticker; Samuel Goldsticker and Rosa Schleissner denying probate. From a decree in favor of proponents, contestants appeal. Affirmed.

See 105 N. Y. Supp. 931.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Moses Weinman, for appellants.
William Goldsticker, for respondents.

SCOTT, J. This is an appeal from a decree of the surrogate of New York county admitting to probate the will of David Goldsticker, deceased, dated January 17, 1895.

David Goldsticker died unmarried on October 22, 1905, leaving two papers purporting to be his last will and testament, one dated January 17, 1895, and the other dated July 6, 1905. He left four brothers, Louis, Martin, William, and Samuel, and two sisters, Fanny Bacharach and Rosa Schleissner, all of whom were of full age. The will of 1895 left all of decedent's property to his brothers Louis and Martin. The will of 1905 gave an interest in certain real estate to Rosa Schleissner, and divided the residue of his estate between her and his four brothers. The paper purporting to be a will executed in 1905 was offered for probate by Samuel Goldsticker, who was named as an executor therein, and Rosa Schleissner appeared in that proceeding in support of the probate. Louis and Martin Goldsticker and Fanny Bacharach opposed the probate, and William Goldsticker also appeared in the proceeding. The result of the proceeding was a decree of the surrogate, dated March 26, 1906, refusing probate, and stating as the reason therefor that at the time of the execution of the paper David Goldsticker was of unsound mind and incompetent to make a will. Thereupon Louis and Martin Goldsticker began this proceeding for the probate of the will of 1895; William Goldsticker acting as their attorney. Samuel Goldsticker and Rosa Schleissner, acting through the same attorneys, filed objections to the probate, and are here as appellants. Fanny Bacharach also filed objections but does not appeal. The objections relied upon by Samuel Goldsticker and Rosa Schleissner were that the paper propounded was not the last will and testament of the deceased, having been revoked long prior to his death, and that a later and last will and testament had been made by the deceased long after the will now offered for probate.

It appeared upon the trial that the contestants to support these objections relied upon establishing the will of 1905 to which probate had been refused. The contestants also alleged that the will of 1895 was one of three mutual wills made by the deceased and his brothers, Martin and Louis Goldsticker, which had been executed with the understanding and agreement that said wills should remain operative only

while all three of them should remain unmarried, and that subsequent to the making of said wills both Martin and Louis Goldsticker married, by reason of which facts, as the contestants insisted, all of the mutual wills, including that of the deceased (who had not married), were and became revoked. This last ground of objection was properly overruled by the surrogate. Assuming the will of 1895 to have been originally well executed and valid, it could be revoked only by one of the means prescribed by statute. 2 Rev. St. (1st Ed.) p. 64, pt. 2, c. 6, tit. 1, § 42 et seq.; Delafield v. Parish, 25 N. Y. 9; Lovell v. Quitman, 88 N. Y. 377, 42 Am. Rep. 254; Matter of Davis, 105 App. Div. 221, 93 N. Y. Supp. 1004. Nowhere in the statute can there be found a provision that an agreement de hors the will that it shall remain operative only until a certain event occurs will work a revocation of the will upon the happening of the specified event. The marriage of Martin and Louis Goldsticker may have relieved the deceased from any contractual obligation not to revoke his will in their favor, if such obligation ever existed, but certainly did not ipso facto revoke it.

Upon the trial the contestants offered in evidence the alleged will of 1905 to establish their objection that the will of 1895 was not the last will of the deceased, and that it had been revoked. The proponent read in evidence the decree refusing to admit the later will to probate, and there was thus raised the question as to the binding effect of said decree as an adjudication. The appellants insist that a decree of the surrogate refusing probate is neither prima facie nor conclusive proof of its invalidity in any other proceeding in the Surrogate's Court, even as between the same persons who were parties to the proceeding in which probate was denied. They therefore claimed the right to try over again in this proceeding the question as to the validity of the will of 1905, seeking to so far establish it as the will of the deceased as to work a revocation of the will of 1895. They rely upon the phraseology of sections 2625 to 2627 of the Code of Civil Procedure. Section 2626 provides that:

"A decree admitting to probate a will of personal property, made as prescribed in this article is conclusive as an adjudication upon all questions determined by the surrogate pursuant to this article, until reversed upon appeal or revoked by the surrogate, except in an action brought under section 2653a of this Act. * * * "

Section 2627 provides that:

"A decree admitting to probate a will of real property made as prescribed in this article, establishes, presumptively only, all the matters determined by the surrogate pursuant to this article. * * * "

Section 2625 provides that:

"Where the surrogate decides against the sufficiency of the proof, or against the validity of a will, or upon the construction, validity or legal effect of any provision thereof he must make a decree accordingly and, if required by either party, he must enter in the minutes the ground of his decision."

Our attention is called to the fact that the Code is careful to express, in each case, the effect as an adjudication of a decree admitting a will to probate, while no such express provision is made as to a decree denying probate, whence it is argued that inasmuch as the Code has omitted to say that a decree denying probate has force, either

conclusively or presumptively, as an adjudication, it must be held to have no such force whatever, and that the same question can be relitigated at any time, even in the Surrogate's Court, and between the same parties, as if no such decree had been made. The appellants rely in support of their position upon Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628. That was an action in the Supreme Court for the partition of real estate which had formerly belonged to one Patrick Trenor. He had left a will devising his real estate to a Mrs. Stover. Probate was refused by the surrogate, who adjudged the will to be void for having been obtained by fraud. The heirs at law of Patrick Trenor thereupon began an action for the partition of the real estate, setting forth, the presentation of the will for probate, and the decree denying its admission. Mrs. Stover answered, asserting the validity of the will, and claiming the real property devised to her thereby. Upon the trial, which resulted in favor of the validity of the will, the plaintiffs offered the decree of the surrogate rejecting it as res adjudicata, and the "final determination of the rights of the parties." The trial court excluded the decree as evidence, and the question of its admissibility came before the Court of Appeals. That court found from the record that the decree had been offered as conclusive evidence of the invalidity of the will, and discussed its admissibility from that standpoint, declining to pass upon the question whether or not it would have been admissible if it had been offered as prima facie proof only. The court pointed out the distinction between the effect of a proceeding for the probate of a will of real property and one for the probate of a will of personal property, in that, in the latter case, probate is essential to authenticate the title of the executor to administer upon the personal property, while as to the real estate the title vests in the devisee by virtue of the instrument itself unaided by its probate, for "a will is competent at any time to establish a devisee's title, production and proof then being made of its validity as the devisor's will." In the course of the discussion the court says:

"The surrogate's decree as to a will of personalty is made conclusive by force of the statutory provision giving it such effect if favorable to the will, and, if unfavorable, it is in fact conclusive, because the transmission and distribution are checked."

As to the precise question before it, the court held that a decree of the surrogate denying probate to a will of real property was not conclusive as against the devisee named in the will, in an action in the Supreme Court wherein the validity of the will was put in issue. In the course of its opinion the court uses this suggestive language:

"And, when the Code makes the decree admitting to probate a will of real property presumptive evidence only in a subsequent action, and fails to provide as to the effect of a decree refusing probate, we have some evidence of the legislative understanding that the surrogate's, decree is not to be conclusive as an adjudication, nor would it be just to give a greater effect to a decree which rejects, than to that which admits a will."

It might be argued with some force that, when the Legislature made a decree admitting a will to probate conclusive as to personalty, it intended that like effect should be given to a decree refusing probate. We are not required, however, to pass upon that point, or even to

consider whether or not a decree refusing probate to a will of personal property would be evidence, conclusive or prima facie, in a subsequent action in the Supreme Court. The case of Corley v. McElmeel is direct authority for the proposition that a decree of a surrogate refusing probate to a will of real estate is not conclusive evidence of the invalidity of that will in a subsequent action between the same parties in the Supreme Court. The reasons for the adoption of this rule rest in great part upon the peculiar nature of real property and of the rules of law respecting the devolution of title thereto, and are not entirely applicable to wills of personal property. That case is not authority for the proposition that a question as to the validity of a will offered for probate as to which the surrogate has once made a decree can be relitigated between the same parties in the Surrogate's Court, and we are of opinion that the whole scheme of the Code respecting contests over the probate of wills is opposed to any such contention. The surrogate is given authority to pass, in the first instance, upon the validity of wills offered for probate, and, as to each will so offered, is required to make a decree either admitting it to or refusing probate. Ample provision is made for reviewing his decision either by appeal, or by an action in the Supreme Court, but, so far as the Surrogate's Court is concerned, the decree is final, and we find no warrant in the Code for holding that the question once finally passed upon by him shall be relitigated before him in successive controversies between the same parties, except upon an application for revocation as authorized by the Code.

We are therefore of opinion that the surrogate was right in receiving the former decree as conclusive evidence of the invalidity of the will of 1905, and, if that will was invalid, it was certainly inoperative to revoke the will of 1895. If the sister named as devisee of the real estate in the will of 1905 seeks to establish her title under that will, she may do so in an appropriate action, and, under Corley v. McElmeel, the decree refusing to admit it to probate will not be an insuperable obstacle to her success. If the other contestants of the will of 1895 still insist that it was revoked by the later will and therefore was not the last will of the deceased, it is still open to them to test the question by an action under section 2653a of the Code of Civil Procedure, wherein by express words of the statute and by analogy with the reasoning of Corley v. McElmeel both the decree admitting the will of 1895 to probate and the decree refusing probate to the will of 1905 will be but prima facie evidence of the validity of the wills respectively passed upon.

Decree affirmed, with costs. All concur.