## DIXON v. COZINE.

(Supreme Court, Special Term, Kings County. December, 1908.)

1. WILLS (§ 431*)—RES JUDICATA.

   The decree of a Surrogate's Court refusing to admit to probate a will of real estate is not conclusive on the devisee, and he may assert his rights in a common-law action or by partition, or wherever and whenever the title comes in question; the devisee deriving title under the will, and not from a probate decree.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 920–922; Dec. Dig. § 431.*]

2. INFANTS (§ 78*)—SUIT TO ESTABLISH WILL—GUARDIAN AD LITEM—JURISDICTION TO APPOINT.

   Code Civ. Proc. §§ 1861, 1867, 2653a, authorizing an action to establish a will of real property, where the original cannot be produced, because it is in another state or is lost, and providing for the determination of the validity of a will of real property, etc., do not authorize the court to appoint a guardian ad litem for an infant beneficiary, in a will refused probate by a surrogate, to sue to establish the will.

   [Ed. Note.—For other cases, see Infants, Dec. Dig. § 78.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. VENDOR AND PURCHASER (§ 130\*)—CONTRACTS—MARKETABLE TITLE.

The surrogate refused probate of a will devising real estate to testatrix's son for life, remainder to an infant. The court appointed a guardian ad litem for the infant to sue to establish the will. Subsequently the court entered an order permitting the guardian to compromise the infant's claim for a specified sum, and his action to establish the will was discontinued. *Held*, that the jurisdiction of the court to act so as to cut off the rights of the infant by the settlement was so doubtful that the title to the real estate was not marketable.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 130.\*]

Action by Russell Dixon against James J. Cozine. Judgment directed for plaintiff.

Malcolm Ross Matheson, for plaintiff.
Charles C. Suffern, for defendant.

CARR, J. The plaintiff sues to recover a deposit of $500 paid on the execution of a contract for the conveyance of lands, and he claims that the vendor's title is unmarketable. The defendant claims that his title is marketable, and asks for specific performance of the contract. The controversy arises under the following circumstances: The title to the real property in question was in one Matilda Hoag at the time of her death in September, 1905. She left a last will and testament, whereby she devised the land in question to her son Oscar Hoag, with remainder over in fee to her grandniece Harriet Ray Dayton, an infant. The will was offered for probate in Kings county, and the surrogate, by a decree entered in March, 1906, refused probate thereof. On August 8, 1907, an order was entered in this court appointing a guardian ad litem for said infant for the purpose of maintaining an action to establish said instrument as the last will of the decedent, and on August 19, 1907, a further order was entered permitting the guardian ad litem to compromise the infant's claim for the sum of $1,500, which was received by the guardian, and the action brought by him was discontinued on August 23d of the same year.

The plaintiff in this action claims that the rights of the infant devisee were not cut off by the settlement authorized by the court, and that therefore the defendant's title is unmarketable, as the infant may hereafter maintain appropriate proceedings to assert her title to the land in question. It is settled law that the refusal by a Surrogate's Court to admit to probate a will of real property is not conclusive upon the devisee, and that he may assert his rights in a common-law action, or by partition, or wherever and whenever the title to the real property comes in question. Colry v. McElmeel, 149 N. Y. 228, 43 N. E. 628; Harris v. Harris, 26 N. Y. 433. The devisee derives title to real property under the will itself, and not from a probate decree.

The Code of Civil Procedure provides several remedies for the establishment of a will in sections 1861–1867 and 2653a; but none of these provisions may apply to a situation such as we have before us here. Section 1861 relates to the establishment of a will of real property executed according to our laws, but where the original will cannot

---

be produced, because it is in another state or country and cannot be obtained, or has been lost or destroyed before it was duly proved. Section 1867 provides for the determination of the validity of a will of real property situate in this state, but does not apply to a case where the question in controversy has been determined in a Surrogate's Court. It has been held that this section does not apply to a case where the validity of the instrument itself is sought to be established, and applies only to the validity of some provision in a valid will. Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175. Section 2653a applies by its terms only where the will has been admitted to probate. Unless, therefore, this court had inherent jurisdiction in equity to take cognizance of such an action as was brought by the infant, it is difficult to see what jurisdiction it had over it, and how it could make any valid order in it. Perhaps the fact that the heir at law was in possession, and lawfully so, for his life, at least, if the will was valid, would afford jurisdiction in equity, as the devisee would be unable to maintain ejectment during the life estate. Brady v. McCosker, 1 N. Y. 214.

Assuming such jurisdiction in this court to entertain the action in question, the question is urged whether it had any power to bind the infant plaintiff through the settlement made by the guardian under its order. It seems to me that this question is to. be determined by ascertaining whether the interest of the infant plaintiff under the will is to be considered as an interest in real property or as a mere chose in action, personal in nature. If the settlement in question amounts in fact to a conveyance or a release of a legal title to lands, the question of validity is difficult. While it has been held that courts of equity have inherent power to direct a sale of an equitable interest in real property belonging to an infant (Anderson v. Mather, 44 N. Y. 249), it has also been held that there is no inherent power to authorize a conveyance or mortgage of an infant's legal estate, and the power so to do can come only from statute (Losey v. Stanley, 147 N. Y. 560, 42 N. E. 8; Ellwood v. Northrupp, 106 N. Y. 172, 12 N. E. 590).

The order entered by this court did not in terms authorize the execution of any conveyance or release by the infant, through the guardian, but merely authorized the guardian to accept the money offered in compromise and settlement of the infant's interest, and, on said payment having been made, a further order discontinued the action. If the infant is bound in any way by this compromise, it would be necessarily and exclusively by way of estoppel, and not by way of grant or release. As the court could not have authorized a grant binding the infant, I fail to see how it could have indirectly reached a result similar in effect through the indirect means of an estoppel. Of course, if proceedings had been had under the Code for the sale of the infant's interest in the real property in question, there would be no room for this present controversy. No authority is cited to me, nor can I find any, where this precise question has been considered and decided. To me it seems to be so doubtful that a purchaser should not be compelled to take title where it is involved.

Judgment is directed for the plaintiff, with costs.