[*17]    *THE EXECUTORS OF VAN RENSSELAER *against*
THE EXECUTORS OF PLATNER.

Where R. granted and demised land to P. and his heirs, executors and ad-
ministrators, reserving an annual rent, which P. for himself, his heirs, ex-
ecutors and administrators, covenanted to pay on the 1st day of May in
each year, it was held, that the executors of R. could not recover rent
which accrued subsequent to the death of their testator; *aliter*, for rent
due previous to the testator's death.

Where several counts or causes of action are stated, and any one of them is
bad, and the damages entire, the court cannot discriminate or give judg-
ment for the whole. So where the right of action accrues periodically, or
depends on time, if the plaintiff's declaration embraces a period for which
he cannot be entitled to recover, and the damages are entire, it is equally
out of the power of the court to distinguish the good from the bad, or to
give judgment for the whole. Per *Radcliff*, J. Unless the court have suf-
ficient matter by which to intend that no damages were given for the
period when the plaintiff had no right. Per *Kent*, J.

*It seems* that an action of covenant will lie against the executors of the lessee,
on such a covenant, though the land had passed, by act of law, into other
hands.

Where in an action of covenant, or in any action sounding in damages, the
plaintiff claims more damages than on the face of his declaration appears
to be due, it will not vitiate, especially after verdict for the amount of the
damages being ascertained by the jury, it is to be presumed they were
assessed according to the proof. Per *Radcliff*, J.

THIS was an action of *covenant*. By an indenture, made
the 12th January, 1774, John Van Rensselaer granted and
demised to Jacob Platner, his heirs and assigns, a farm in
Claverack, in the county of Columbia, to have and to hold,
&c. unto the said Jacob Platner, his heirs, executors, admin-
istrators and assigns, forever, yielding and paying, &c., and
the grantee for himself, his heirs, executors and administra-
tors, covenanted to pay the rent. Platner died in 1775, and
Van Rensselaer on 22d February, 1783, having made his
will on the 20th February, 1783. The present suit was by
the executors of Van Rensselaer, to recover the rent due
from the 1st May, 1774, to the 1st May, 1783.

A verdict having been found for the plaintiffs, *Spencer*,
for the defendants, moved in arrest of judgment on two
grounds.

1st. Because no action lies against executors, for rent which accrued after the death of the testator, who was tenant in fee.

2d. That the executors of Van Rensselaer have recovered, *quasi* executors, for rent due subsequent to the death of the testator.

*Emott*, for the plaintiffs.

RADCLIFF, J. This is an action of covenant, for rent due to the testator of the plaintiffs, which accrued on an estate *in fee*, subsequent to the death of the defendants' testator. A motion has been made in arrest of judgment, on two grounds.

1st. That the plaintiffs have claimed and recovered rent, which accrued subsequent to the death of *their testator*.

2d. That the recovery is for rent which accrued subsequent to the death of the *defendants' testator*.

*As to the first, there is no doubt, that where, in an [*18] action of covenant, or in any action sounding in damages, the plaintiff claims more damages than on the face of his declaration appears to be due, it will not vitiate, especially after verdict, (2 Lev. 57; Poph. 209; Cro. Car. 569, 629, 490; 5 Com. tit. Pleader, c. 84, p. 376, &c.,) for the amount of the damages being ascertained by the jury, it is to be presumed they were assessed according to the proof.(a)

(a) But if a judgment be rendered for a larger sum than the damages laid in the plaintiff's declaration, it is error. *Cheveley* v. *Morris*, 2 Wm Black. 1300. *Usher* v. *Dansey*, cited *infra*. *McIntyre* v. *Clark & Morris*, 7 Wend. 330. *Cortelyou* v. *Cortelyou*, 1 Penn. R. 318. *Daniel* v. *Park*, 2 Penn. R. 1004. *Lake* v. *Merrill*, 5 Halst. 288. *Herbert* v. *Hardenbergh*, id. 222. *Hawk* v. *Anderson*, 4 id. 319. *Edwards* v. *Weister*, 1 A. K. Marsh. 382. *Rowan* v. *Lee*, 3 J. J. Marsh. 97. *Tenant* v. *Gray*, 5 Munf. 494. *Dinsmore* v. *Austill*, Minor, 89. *Flournay* v. *Childress*, id. 93. *Harris* v. *Jaffray*, 3 Har. & J. 546. *Derich* v. *Jones*, 1 Stew. 18. *Hoit* v. *Maloney*, 2 N. Hamp. R. 322. *Robinet* v. *Morris*, Hardin, 93. *Grist* v. *Hodges*, 3 Dev. 203. But yet on application, the court will allow the plaintiff to enter a *remittitur* for the excess. *Pickwood* v. *Wright*, 1 H. Black. 643. *Hardy* v. *Cathcart*, Marsh. R. 180. *Usher* v. *Dansey*, 4 M. & Selw. 94; and the authorities cited by Lord Ellenborough. And see a full consideration of this question by Ewing, Ch. J. in *Herbert* v. *Hardenbergh*, cited *supra*. See also Grah. Prac. 2d ed. 324.

It is then a subject of evidence, and of computation as to amount only, within the plaintiff's right of action, and properly within the province of a jury. But where several counts or causes of action are stated, and any one of them is bad, and the damages entire, the rule is settled, in civil cases, that the court cannot discriminate, or give judgment for the whole. (Doug. 703.) So where the right of action accrues *periodically*, or depends *on time*, if the plaintiff's declaration embraces a period for which he cannot be entitled to recover, and the damages are entire, it is equally out of the power of the court to distinguish the good from the bad, or to give judgment for the whole. (1 Ld. Raym. 329; 2 Ld. Raym. 1382; And. 246; Carth. 96.) The time, in such cases, is material, and constitutes a part of the cause of action, and therefore cannot be rejected as surplusage. In the present case the plaintiffs, as executors, have claimed one year's rent which fell due on an estate in fee, subsequent to the death of their testator. It not being a case of apportionment, they clearly cannot recover for any part of the year's rent. It is, however, demanded in the declaration, as a distinct and substantive cause of action, and the damages are entire. The objection, therefore, on the face of the record, I think is fatal to the plaintiffs' action; but if it can appear from the judge's notes on the trial, that the plaintiffs claimed and recovered for the previous rent only, according to the modern and more liberal practice of our courts, I am inclined to allow the verdict to be altered or amended, agreeable to the truth of the case.

2d. As to the second objection, the authorities are numerous and decisive, that this action will lie on an *express* covenant, against the lessee and his executors, &c., though the breach be committed while a *third* person is in possession, [*19] *and is recognized as tenant by the lessor (Cro. Jac. 522; Cro. Car. 188; 1 Sid. 402; Hob. 188; Salk. 309; 3 Mod. 26; 1 Wils. 4; 2 Burr. 1190, 1195, 1197; 1 H. Bl. 444; 4 Term Rep. 98; 1 Dall. 307.) The *lessee* continues liable, and also his *executors*, to the extent of their assets, on the ground of the *express* covenant, so

long as a *privity* of contract remains. That privity exists in the present instance ; the covenant is express, and the same rule must be deemed to apply. I am, therefore, of opinion, if the verdict can be amended, that the defendants take nothing by their motion, otherwise, that the judgment be arrested.

KENT, J.  Two questions were raised at the argument in support of the motion :

1st.  That no action lies against the executors, for rent accrued subsequent to the death of their testator.

2d.  If it did, that the executors of Van Rensselaer have recovered, *quasi* executors, rent accruing since their testator's death.

With respect to the first question, it appears to me, from an examination of the cases, to be a settled rule, that covenant will lie on a covenant in deed against a lessee, notwithstanding a third person be at the time the actual tenant, and the lessor has recognized him as such; and against his executors, notwithstanding he may have assigned in his lifetime, and the rent accrues subsequent to his death.  The reason given for the rule is this, that the privity of contract of the testator, is not determined by his death, and the executor shall be charged with all his contracts, so long as he has *assets*.  (3 Mod. 326.)  In another case, (Cro. Ja. 522,) it is said, that in covenants *en fait*, a covenantor and his executors are always chargeable, and that the executors are not chargeable by reason of the privity of contract, but by reason of the covenant.  But though some cases may differ in assigning the reason of the rule, they all concur in the rule itself.  There is no instance, however, that I have met with, of a case exactly like the present, where the covenant for rent was upon an estate *in fee*.  They are all upon terms for years, and it seems, accordingly, to be severe to apply the rule to the present case ; for here the executors or the *personal estate receive no consideration for the   [*20] payment of the rent, since, on the death of Platner, the estate must have descended to the heirs at law.

In answer to this objection, I observe, that the responsi-

bility of the executors to pay rent, accruing subsequent to their testator's death, is not placed upon the ground that they have the fund in hand, but upon the ground of the express covenant of their testator, from which no act that he can do will discharge him, or discharge them, so long as they have *assets.* There is a strong case to this effect. (2 Burr. 1190, *Enys' Executor* v. *Donnisthorne's Executors.*) It was a suit in covenant for rent, on a joint lease to the tes-- tator of the defendant, and a third person, and the testator died, even before the commencement of the term, so that the whole term, and the benefit of it, survived to the other lessee. It was a lease of fifty years, and the same objection was made that I have suggested. " It looks very odd," said Mr. Justice Denniston, (2 Burr. 1196,) " that when one of the lessees dies, and the interest survives to the longest liver of them, yet the other's representatives should be bound by the covenants, though no benefit remains to them."

However, on further consideration, the court were unanimously of opinion, that the plaintiff was entitled to recover. for rent subsequent to the death of the defendant's testator, although the estate was, by act of law, cast into the hands of another. The recovery was founded upon the express covenant, and not upon a charge, resulting from the benefit of enjoying the land.

As to this suit, so far as it respects the right of the plaintiffs, two points arises for inquiry ; whether they can recover, in an action of covenant, rent in arrear at their testator's death, and if so, then whether they can recover rent due subsequent to his death.

1st. It is said, that at common law, executors had no remedy for rent in arrear in the lifetime of their testator, because they could not represent their testator, as to any contracts relating to the freehold. (Co. Litt. 162, a.) This was [*21] *remedied by the statute of 32 H. VIII. c. 37, which gave them a remedy by distress, and by the action of debt. It ought to be observed, that both these remedies are founded on the privity of estate, and that when the books say, that executors had no remedy at common law, they must be understood to mean none resulting from that privity.

I have no doubt, they were always entitled to a remedy on an express covenant for rent, for that was a personal contract, independent of the freehold, as much so, as if the testator had given a bond for the rent, payable by instalments.

We find cases in which executors have been allowed to bring an action of covenant, on a covenant contained in deed, although the same was connected and run with the freehold. (1 Vent. 175; 2 Keb. 831; 2 Bac. Abr. 539.) This was not a suit for rent, and yet, equally with the present suit, it came within the reason of the objection to suits at common law by executors for arrearages of rent, to wit, that they could not represent their testator as to any contracts relating to the freehold. I conclude, therefore, that where there is an express covenant for rent, the executor is not confined to the statute remedies by distress and debt, but may resort to a common law remedy on the covenant.(a)

2d. As to the second point, it is equally clear that the executor can only go for rent due and payable at his testator's death, where the rent, as in the present case, goes, on the testator's death, to his heirs. The rent here was payable yearly, on the 1st May in each year, and this not being a case of apportionment, in respect to time, it is certain that the executors have declared for one year's rent more than they were entitled to.(b) This claim being a substantial ground of action, and material to the damages, and the damages, by the verdict being entire, *the judgment [*22] must be arrested, unless we have sufficient matter by which we can intend that no damages were given for the claim of the last year's rent.(c) (1 Ld. Raym. 329, and 246;

(a) See 1 Saund. 241, b., note 5, 6.

(b) As to apportionment 'of rent, see Woodfall's Tenant's Law, 248, et seq. 10 Co. 128. 1 Salk. 65. 1 P. Wms. 392. 2 P. Wms. 176, 501. Laws of New York, 11th sess. c. 36, s. 27, (vol. 1, p. 144.)

(c) Courts are liberal in amending verdicts to conform to the intention of the jury. Hay v. Ousterhout, 3 Hamm. R. 384. Boatright v. Meggs, 4 Munf. R. 185. See Royall v. Eppes, 2 id. 479. Holladay v. Littlepage, id. 539. Bank v. Condy, 1 Hill's (S. Car.) R. 209. Brown v. Hillegas, 2 id. 447. Little v. Larrabbee, 2 Greenl. R. 37. Girard v. Stiles, 4 Yeates, 1.

Carth 96; Sh. 1094.) But no such matter is shown; on the contrary, it appears by the judge's no es, that damages were given for the last year, and, of course, the judgment must be arrested.(a)

Benson, J. and Lewis, J. were of the same opinion.

Lansing, Ch. J. This is an action of covenant for the recovery of rent.

A motion has been made in arrest of judgment.

Because, it appears that the plaintiffs claim as executors, and have recovered rent accrued after the death of their testator.

The plaintiffs declare on an indenture, made between John Van Rensselaer and the defendants' testator, by which the former granted in fee to the latter, certain lands, reserving an annual rent, payable on the 1st day of May in every year. It contains a covenant, by which the grantee binds himself, his heirs, executors, administrators and assigns, to the payment of the rent.

The declaration states, that John Van Rensselaer, the plaintiffs' testator, died seised of the rent on the 20th day of February, 1783, and that the last year's rent became due on the first day of May, 1783.

The 18th sec. of the statute respecting rents, which re-enacted the 4th sec. of the 37th chapter of the statute of 32 H. VIII. does not touch this case; that statute is intended

And in applying a verdict to a good count, if the judge will certify that the evidence applied solely to that count, or that all the evidence given would properly apply to that count, as well as to another which is bad. *Union Turnpike Co.* v. *Jenkins*, 1 Caines' R. 381. *Stafford* v. *Grein*, 1 Johns. R. 505. *Highland Turnpike Co.* v. *McKean*, 11 id. 98. *Cooper* v. *Bissell*, 15 id. 318. *Norris* v. *Dunham*, 9 Cowen, 151. *Sayre* v. *Jewett*, 12 Wend. 35. *Barnard* v. *Whiting*, 7 Mass. R. 359. *Barnes* v. *Hurd*, 11 id. 57. *Sullivan* v. *Hoker*, 15 id. 377. *Patten* v. *Gurney*, 17 id. 187. *Cornwall* v. *Gould*, 4 Pick. 446. *Clark* v. *Lambe*, 6 id. 512; 8 id. 415. *Jones* v. *Kennedy*, 11 id. 125. *Paul* v. *Harden*, 9 Serg. & Rawle, 23. *Perry* v. *Boileau*, 10 id. 211.

(a) Where matter is insensible or void, and not of the *gist* of the action, the court will intend that no damages were given for it. 1 Str. 1094, 245. Cro. Jac. 664, 665. 1 Ld. Raym. 146, 976. *Willes*, 443. 2 Saund. 171, *a*, note 1. 2 Johns. Rep. 283, 442.

merely to enable the executors, in the cases mentioned in it to sustain an action of debt for the recovery of rent, which they were not competent to recover at common law.

*But this action is founded on an express covenant,   [*23] and the executors of the testator only representing his personal interests, must necessarily deduce their right to recover from the testator personally, and cannot sustain their action on their privity of estate, which devolved on the heir or devisee of the testator.

It is, therefore, clear, that the executors cannot go for rent accrued after the testator's death ; but they may well sustain a suit for the rent accrued previous to the death of their testator.

The grant on which the rent is reserved, is dated the 12th day of January, 1774.

The first rent is payable, by the terms of the grant, on the first day of May, 1774, and the rent accruing thereafter, on the first day of May in every year.

The plaintiffs' testator is averred to have died on the 22d day of February, 1783.

The plaintiffs declare for nine years rent, and in the declaration is contained a particular specification of the several years for which the rent remained unpaid. The last year's rent claimed, is alleged to have become payable on the first day of May, 1783.

Introductory to this specification in the plaintiffs' declaration, is an averment, that from the first day of May, 1774, to the first day of May, 1783, inclusive, the rent remained unpaid ; thus excluding the first year's rent, payable on the first of those days, and including one year which did not become payable till after the plaintiffs' testator's death.

The inconsistency between the general averment, and the particular specification, might be considered as cured by the verdict, but the introduction of a claim to damages on a substantive cause of action, which cannot be sustained after a general verdict, it is laid down as settled, is good cause for arresting judgment.

It was suggested, in the course of the argument, that the

court ought to infer, that the plaintiffs' recovery was limited to the right they proved on the trial.

[*24]    *It appears, however, upon recurring to the notes of the judge who presided at the trial, that damages were given for ten years' rent. This intendment cannot, therefore, be admitted.

Upon the whole, I am of opinion, that the judgment in this case must be arrested.

Judgment arrested.(a)

(a) The executor or administrator of the lessor is the only person who can sue for a breach of covenant by the lessee in the lifetime of the lessor. Fitz. N. B. 145, D. ; but if the lessee break a covenant running with the land, as a covenant to pay rent, *Hurst* v. *Rodney*, 1 Wash. C. C. R. 375 ; see also *Sandwith* v. *De Silver*, Browne, 221. After the death of the lessor, the proper person to seek a remedy for the breach is he to whom the reversion is transmitted, viz. if it be the reversion of a freehold estate, the heir ; if of a term, the executor or administrator ; or where in either case the lessor has devised the reversion, the devisee ; for as the reversion is transmitted to him, it is fit that he have the benefit of the covenants made in respect thereof. Comyn Land. and Ten. 2d ed. 278. *Abney* v. *Brownlee*, 2 Bibb, 170. *Hatcher* v. *Galloway*, id. 180. *Williamson* v. *Richardson*, 6 Monroe, 695. *South* v. *Hoy*, 3 id. 94. *Moale* v. *Tyson*, 2 Har. & McHenry, 387. *Bachus* v. *McCoy*, 3 Hamm. R. 211. *Goodrich* v. *Thompson*, 4 Day's R. 215. And see *Hamilton* v. *Wilson*, 4 Johns. R. 72, and 15 id. 488, n. (a.) *Rice* v. *Spotswood*, 6 Monroe, 40. *Grist* v. *Hodges*, 3 Dev. 200. Therefore if one *covenants*, grants and agrees that another shall have and enjoy Blackacre for a certain time, and the other covenants to pay in consideration thereof to the testator, his heirs, executors and assigns, a sum annually, the executor cannot sue on this covenant for a breach after the death of the testator. *Drake* v. *Munday*, Cro. Car. 207. *Cother* v. *Merrick*, Hardr. 95. Bac. Abr. tit. Executor, H. 3. Dyer, 362, a. And although the rent should be expressly reserved to the lessor, (tenant in fee,) his *executors* and assigns, without naming the heir, the executors cannot have it, being strangers to the reversion, and the heir may sue for arrears accruing after the ancestor's death. Co. Litt. 47, a. *Sacheverell* v. *Frogatt*, 2 Saund. 367. S. C. 2 Lev. 13. If, therefore, a man being seised in fee of one acre of land, and possessed of another for a term of years, makes a lease rendering one entire rent, and dies ; whereby the reversion of one acre goes to the heir and of the other to the executor, the rent accruing after shall be apportioned between the heir and executor. Williams on Executors, 584, and note g. Gilbert on Rents, 188. *Moodie* v. *Garnance*, 3 Bulst. 153. But where no reversion is left in the lessor, and the rent is reserved to his executors, administrators and assigns, it will go to them and not to the heir. 3 Cruise's Dig. 321, 2d ed. *Jennison* v. *Lord Lexington*, 1 P. Wms. 555. Upon the general principle that the executor has no interest in

the real estate of the deceased, see *Drinkwater* v. *Drinkwater,* 4 Mass. R.
354. *Henshaw* v. *Blood,* 1 id. 35. *Gibson* v. *Farley,* 16 id. 280. *Stearns* v.
*Stearns,* 1 Pick. 157. *Hamilton* v. *Wilson,* cited above. *Dean* v. *Dean,* 3
Mass. R. 258. *Willard* v. *Nason,* 5 id. 240. *Hathaway* v. *Valentine,* 14 id.
500.