Wright
v.
Williams.

M. WRIGHT *against* WILLIAMS.

REPLEVIN, tried at the Washington circuit, January 5th, 1824, before WALWORTH, C. Judge; when a verdict was found for the plaintiff, on the opinion of the judge, that the defendant had avowed in a wrong character.

A motion for a new trial was now made, by

*S. G. Huntington*, for the defendant.

*S. Stevens*, contra.

The facts are sufficiently stated in the opinion of the court, which was delivered by

WOODWORTH, J. The defendant first avows the taking, as executor of John Williams, for $195 rent, in arrear for 13 years, ending on the 1st of May, 1820; that the testator being lawfully possessed in fee, on the 27th of October, 1794, one Samuel Wright, for 13 years before, and ending on the 1st of May, 1820, enjoyed the premises by virtue of a demise to him, made by John Williams, in his lifetime, under the yearly rent of £6.

The plaintiff pleads a number of matters in bar to the avowry; and takes issue to the country.

It is not necessary to notice particularly the other avowries; because, if the evidence introduced at the trial, does not make out a good defence under this issue, the defendant cannot prevail. The evidence offered, is applicable to this avowry only.

In the second avowry, the defendant alleges that he leased the premises to Samuel Wright, at the rent of £10, &c. and distrained for rent in arrear.

In the third, the defendant avows as in the first, except stating the yearly rent to be £4. 4.

The executor of a lessor, who was seised of the demised premises in fee, cannot distrain for rent (though due on a lease for years,) which accrued subsequently to the testator's death.

Such rent goes to the heir or devisee.

How the heir or devisee should avow.

Where an executor avows for rent as due subsequently to his testator's death, he can not show, in proof, rent due before.

The defendant in replevin must set out strictly and truly, in his avowry, his authority for making the distress.

In replevin, where the defendant was defeated at the trial for a technical defect in his avowry, which was as executor, when it should have been as heir or

The fourth avowry does not vary materially from the second.

At the trial, the defendant gave in evidence, a lease in fee from John Williams to Samuel Wright, dated the 27th of October, 1794, reserving £6 rent annually. It appeared that the lessor died in July, 1806. This lease is not correctly described in the third and fourth avowries. No lease was ever executed by the defendant; and it does not appear that there ever was a lease reserving £4. 4s. for annual rent.

The defendant was bound to show a legal authority for making the distress. He claimed a right to distrain *as executor*, for thirteen years of rent, which accrued next preceding the 1st of May, 1820. He alleges no right in any other character. All the rent for which the distress was made accrued subsequent to the death of the testator. It is well settled that an executor cannot distrain for rent accruing after the death of the testator, who seised in fee; because it goes to the heir. (Cro. Car. 207. Toll. 135.) Our statute (1 R. L. 439) only authorizes executors to distrain for rent due at the death of the testator, and when he might have distrained before his death. If the defendant is heir or devisee of John Williams, he ought to have avowed as such, stating the lease from the ancestor to the tenant, the death of the ancestor and the descent or devise of the premises, or the rent to the defendant. But *non constat*, from the pleadings that he is either. He rests his claim on his right as executor. The plaintiff went to trial to contest his right on that ground. The admission, at the trial, that the defendant was heir at law and devisee is insufficient; for that fact was not admitted, or put in issue by the pleadings. The judge, therefore, decided correctly, that under the avowry as executor, the defendant could not show rent due previous to the death of the testator; nor was he entitled to distrain for rent accruing subsequently. The rule is, that a defendant must set out strictly and truly in his avowry, his authority for making the distress. (1 Chitty's Pl. 304. 1 John. 384.)

As, however, the point upon which the defendant failed, was purely technical, and in consequence of erroneous

pleading, this is a proper case for the interference of the court, on terms, to the end that the avowries may be amended, if the defendant shall so elect.

NEW YORK,
May, 1826.

I am of opinion, that the verdict be set aside, on payment of all costs, accrued subsequent to the issues joined ; and that the defendant have leave to amend his avowries, on payment of costs. This course is in favor of the justice of the case ; and is warranted by the practice of the court in another cause not reported.(a) A similar practice has obtained in England, as appears from B. & P. 243, and 3 Taunt. 81.

(a) And vid. *Jackson* v. *Bailey*, ante, 265, S. P.