*30 Vroom.*          Excelsior Electric Co. v. Sweet.

EXCELSIOR ELECTRIC COMPANY, PLAINTIFF IN ERROR, v. WILLIAM SWEET, DEFENDANT IN ERROR.

1. It is error to submit to a jury questions which are not within the issues raised by the pleadings.

2. If, at the trial, the parties have confined their controversy to the issues raised by the pleadings, the pleadings should not, after verdict, be amended so as to present a different issue, which was first suggested in the charge of the trial judge and submitted to the jury against the objection of the plaintiff in error.

3. It is erroneous to enter judgment for a larger sum than is claimed in the plaintiff's declaration, but the plaintiff may have the error corrected by remitting the excess.

4. In a declaration for unliquidated damages, where the only indication of the amount claimed is in the *ad damnum* clause, the amount there claimed should not be increased, after verdict for the plaintiff, without sending the cause back for a new trial.

On error to review a judgment of the Supreme Court affirming a judgment of the Hudson Circuit. For opinion of the Supreme Court, see 28 *Vroom* 224.

The Excelsior Electric Company, under lawful authority, maintained an electric light over the centre of Harrison avenue, in the town of Harrison. The lamp was suspended in the following manner: On each side of the avenue a pole stood near the curb, and from one pole to the other a strong wire was stretched about twenty feet above the street, and in

the middle of the wire a pulley was fastened; another pulley was fixed upon one of the poles at the same height; through these pulleys ran a manilla rope, at one end of which the lamp was hung, the other end being fastened upon an iron cleat screwed into the pole last mentioned, about five feet above the sidewalk; the rope and pulleys were used so that the lamp might be lowered to be trimmed and then raised again to its proper height.

The plaintiff below, in his declaration, complained that the company had wrongfully and negligently permitted the rope and pulleys, by means of which the lamp was suspended, to be, become and remain rotten, weak, insufficient and defective, by reason whereof the lamp fell upon the plaintiff's horse as he was passing along the highway, and the plaintiff was injured to his damage $1,000.

The defendant pleaded the general issue.

At the trial, the plaintiff's testimony was directed solely to the insufficiency of the rope and pulleys as the cause of the accident, his contention being that the rope was abraded by the pulleys and broke near the end to which the lamp was attached. The defendant's testimony tended to disprove this allegation, and to prove that the cleat upon the pole had been broken by some extraneous force exerted immediately before the lamp fell, and so the rope had been loosed from its fastening.

In this condition of the pleadings and proofs, the trial judge charged the jury that " if the cleat on the pole was not a proper one to be placed there, if the defendant did not use reasonable care in placing a safe and secure cleat there, and use reasonable care in keeping it in repair, and the rope slipped from it and so the lamp fell, that would be negligence on the part of the defendant." To this the defendant excepted, on the ground that the matter was not within the pleadings and was not raised by the plaintiff.

The jury found a verdict for the plaintiff, assessing his damages at $1,457, and judgment was accordingly rendered.

For the plaintiff in error, *Henry B. Twombly*, *Clarkson A. Collins* and *Charles W. Fuller.*

For the defendant in error, *Edward Kenny* and *Alfred L. Black.*

The opinion of the court was delivered by

DIXON, J.   It is a cardinal rule for the control of a trial court that the questions submitted to the jury should be within the issues raised by the pleadings.

From what is above stated, it plainly appears that the pleadings in this case presented no issue as to the state or position of the cleat, the sole complaint being as to the rotten, weak, insufficient and defective condition of the rope and pulleys.   It was, therefore, erroneous for the judge to submit such an issue to the jury under the pleadings as they stood (*Martinez* v. *Runkle*, 28 *Vroom* 111), and the next question for us is whether we should now exert the power of amendment, so as to embody that subject of controversy in the declaration.

All the testimony taken at the trial, and all the instructions of the judge to the jury, seem to be set forth in the bill of exceptions.   So far as we can discover from this bill, neither party had in mind at the trial any suggestion of negligence on the part of the defendant with respect to the cleat, until it was broached by the judge near the close of his charge.   The real controversy was over the question whether the rope had broken because of its inherent weakness or because of abrasion against improper pulleys, the condition of the cleat being dealt with only for the purpose of accounting for the fall of the lamp without the defendant's fault.

If, therefore, we should now introduce this issue into the pleadings, it would not be done in order to maintain a determination of the question which was really in controversy between the parties, but it would support a verdict that may have been rendered upon a matter which the parties have not fairly litigated.   For such an end, the power of amendment ought not to be exercised.

For this error in the charge, the judgment must be reversed and a *venire de novo* awarded.

There is another error upon the record, in that the verdict and judgment are for greater damages than the declaration claims.    1 *Chit. Pl.* 339 ; *Robert Pilford's Case,* 10 *Rep.* 116 ; *Executors of Van Rensselaer.*v. *Executors of Platner,* 2 *Johns. Cas.* 18, *note ; Curtiss* v. *Lawrence,* 17 *Johns.* 111 ; *Cortelyou* v. *Cortelyou,* 1 *Pen.* 318 ; *Herbert* v. *Hardenbergh,* 5 *Halst.* 222.

Undoubtedly this error might be corrected by the plaintiff's remitting the excess of damages, and if such a *remittitur* were entered, this court would amend the judgment accordingly.    But in the Supreme Court it was held that the declaration would be considered as amended so as to claim the sum found by the verdict, and thus maintain the judgment as it stands.    To this, we cannot assent.

If a declaration should allege a cause of action on proof of which a larger sum must be due than is stated in the *ad damnum* clause, then that clause might be deemed formal, and after verdict, might be amended to conform with the real claim set forth in the pleadings.    But where, as in this case, the declaration is for unliquidated damages and contains no indication of the extent of the plaintiff's claim outside of the *ad damnum* clause, we must presume that the defendant regulated his conduct at the trial with reference to a claim for the damages there stated, and might have modified his course of defence had a claim for a larger sum been in controversy.    As was said by Lord Kenyon, in *Tomlinson* v. *Blacksmith,* 7 *T. R.* 133 : "It would be going too far to make the amendment required, without sending the cause to a new trial, as the defendant might have gone to trial relying that no more than [the stated] damages could be recovered against him."    See, also, *Corning* v. *Corning,* 6 *N. Y.* 97.

*For affirmance*—None.

*For reversal*—The Chancellor, Gummere, Dixon, Garrison, Magie, Reed, Bogert, Sims, Brown.    9.