(26 Misc. Rep. 550.)

## JAY v. KIRKPATRICK.

(Supreme Court, Special Term, New York County. March, 1899.)

1. COUNTERCLAIM—SUIT BY DEVISEES FOR RENT—CLAIM FOR DAMAGES AGAINST DECEASED LANDLORD.

A claim by a tenant against his deceased landlord's estate for damages for the breach by the landlord of an agreement to make repairs is a claim against the landlord's personal estate, and cannot be set off against a claim for rent accrued after the landlord's death, since such rent goes to the heirs or devisees, as an incident of the realty.

2. SAME—SUIT BY EXECUTOR.

The fact that the suit for the rent was in the name of the executor and trustee did not make the tenant's claim for damages a proper counterclaim, since the executor must account to the heirs or devisees for any rent recovered.

3. COMPLAINT—SUFFICIENCY AGAINST COUNTERCLAIM.

In an action by an executor to recover rents accrued after the death of his testatrix, under a lease with her, an allegation that the premises were devised to him in trust is sufficient, as against a counterclaim of the tenant for damages through testatrix's failure to make certain repairs.

Action by William Jay, executor and trustee of Mary E. Field, deceased, against Thomas Kirkpatrick. Heard on demurrer to defendant's counterclaim. Sustained.

Flamen B. Candler, for plaintiff.

James Flynn (E. H. Benn, of counsel), for defendant.

RUSSELL, J. Demurrer to counterclaim. The plaintiff sues for the sum of $1,333.33,—the last month's installment of rent

due from the defendant upon the five-years lease, expiring May 1, 1898, made with the deceased testatrix. The defendant defends only by counterclaim, averring that the deceased, during his occupation, agreed that, if he would allow repairs of some iron pipes, she would put on a new floor, and that he, consenting, suffered much loss and inconvenience in business in consequence of her acts under such agreement, and the violation of her obligation to lay down the new floor, so that his injury exceeded the amount remaining due upon the lease, to an amount stated; and he demands, not only a set-off, but an affirmative judgment for the balance between the accrued rent and the sum of his loss. The testatrix died the 18th of February, 1897, so that the defendant occupied for more than 14 months after her death, and presumably paid the rent except for the last month of the term. By the lessor's death the real estate leased went to her heirs or devisees. Thus was separated the beneficial interest in the future rent accruing from that already accrued. The value of the use and occupation, as fixed by the terms of the lease, came to those who received from the deceased lessor the real property demised, as an incident to its ownership, and compensation for deprivation of possession. Van Rensselaer's Ex'rs v. Platner's Ex'rs, 2 Johns. Cas. 17; Wright v. Williams, 5 Cow. 501; Fay v. Holloran, 35 Barb. 295. The accrued rent goes to the executors or administrators. Code Civ. Proc. § 2712. If this were a claim for rent accrued at the time of the death of the testatrix, the defendant might possibly recoup for his damages growing out of the subject-matter involved. But he could waive that right of recoupment by payment of the accrued rent, and still maintain a cause of action against the lessor's estate. That right of action, however, is not a claim against the devisees or heirs, except in certain cases, where there is an insufficiency of personalty to meet the obligation. Hence the right of action of the devisees or heirs for the rent accruing subsequently to the death of the testatrix is unclouded by a claim against the personal estate of the deceased, and the counterclaim alleged will not lie where such devisees or heirs seek to enforce payment due to them.

The plaintiff sues as executor and trustee. The designation as executor is immaterial, if he shows the right to recover as devisee in trust. As such devisee in trust, he is obliged to credit the sum sued for, if collected, to the trust devise, for the benefit of the beneficiaries, and cannot turn it into the personalty of the deceased. His right of action, therefore, cannot be nullified by a claim of the defendant which may be enforced against the executor.

The only hesitation I have had in sustaining the demurrer has been upon the question as to whether the plaintiff has committed the first fault in pleading. The allegation of the devise to the executor in trust does not state the purposes of the trust so as to enable the court to judge as to whether it was a valid trust of real estate under our statute. If it was not, the demised premises went to devisees, or to heirs, who have the right of action for the

rent. But the demurrer admits that the will devised the demised premises to the executor upon certain trusts. That may be held to be the admission of a fact, and the sufficiency of the counterclaim may not be judged precisely under the same rules which pertain to other defenses, where the counterclaim is in no shape available against the claim presented by the complaint. Demurrer sustained, with leave to amend on payment of costs.

Demurrer sustained, with leave to amend.