JOSEPH PARTRIDGE, DEFENDANT IN ERROR, v. WOODLAND STEAMBOAT COMPANY, PLAINTIFF IN ERROR.

Submitted March 26, 1901—Decided June 17, 1901.

1. Carriers of passengers are bound to exercise care in maintaining order and guarding those they transport against violence from whatever source arising, which might be reasonably anticipated or naturally expected to occur.

2. It is a cardinal rule for the control of a trial court that the questions submitted to the jury should be within the issues raised by the pleadings.

3. The plaintiff was injured by being attacked by a stranger, while a passenger on the defendant's steamboat. The sole issue made by the pleadings in the case was "that the master and crew, disregarding their duty in the premises, made no effort to stop and quell said brawl and fight, or to protect the passengers from assaults," &c. The trial judge submitted to the jury the question as to whether the defendant was not negligent in not having a special officer on the boat to protect the passengers. This was so clearly outside the issue as to be legal error, which must lead to a reversal.

---

In tort. On error to the Camden Circuit Court.

For the plaintiff in error, *Jerome B. Grigg* and *Joseph H. Gaskill.*

For the defendant in error, *William C. French* and *George A. Vroom.*

The opinion of the court was delivered by

FORT, J. The defendant below is a steamboat company and the owner of the "Thomas Clyde," a steamboat used by it in the transportation of passengers for hire from the city of Philadelphia to Pennsgrove, in the county of Salem, in this state. On the 26th day of August, 1899, the plaintiff below was a passenger upon said boat on its return trip from Pennsgrove to Philadelphia; that while so upon said boat, at or near Camden, in this state, the plaintiff was injured by other passengers upon said boat, who were drunk, boisterous and fighting. The plaintiff was not engaged in the fight, and was injured by the reckless and malicious conduct of fellow-passengers. It is not pretended that the plaintiff in any way contributed to the injury or could have escaped the assault which was inflicted upon him by the exercise of any care and prudence which he did not observe.

The ground of negligence against the defendant, as alleged in the declaration, is stated as follows: "That the said master and crew of said steamboat, disregarding their duty in the premises, made no effort to stop and quell said brawl and fight, or to protect the other passengers from the assault and blows of the said drunken and boisterous passengers, but to the contrary, neglected and refused to attempt to stop the said brawl and to protect the said passengers from injury by reason thereof."

The plea was the general issue, not guilty.

The issue thus tendered was did the defendant's officers and crew of the boat "Thomas Clyde" neglect and refuse to attempt to stop the brawl and protect the passengers from injury?

Upon the issue raised by the pleadings there is no exception in the record which has merit. The rulings of the circuit judge on the evidence were correct, and his charge was also an accurate statement of the law as applicable to the duty of the defendant company, as a common carrier, to protect its passengers.

Mr. Justice Lippincott, speaking for the Supreme Court, declares the rules as to the duty of the carrier in this class of cases to be this:

"Carriers of passengers are bound to exercise the utmost care in maintaining order and guarding those they transport against violence from whatever source arising which might be reasonably anticipated or naturally expected to occur. The carrier must exercise the care required to protect the passenger 'from violence even by a stranger. The carrier is bound to protect from the insults and wanton interference of strangers and fellow-passengers.

"The general rule is clear that from whatever source the danger may arise, if it be known, or should have been known, care must be exercised to protect the passenger from that danger." *Exton* v. *Central Railroad Co.,* 33 *Vroom* 7; *Flint* v. *Norwich Transportation Co.,* 34 *Conn.* 554.

It is rightly contended, however, that there must be a reversal, because the judge, in his charge, submitted to the jury a question from which they might find negligence in the defendant, which was not within the issue made by the pleadings.

The trial judge charged the jury as follows:

"It is in evidence that this boat had no special officer on board. It formerly had, but on this journey it did not have; neither has it had during its operation by the present company. The evidence is that the captain and employes are its special officers, but the captain has his special duties, and you may consider (*it is a proper thing for you to consider*) whether or not failure to have a special officer on board is an element of negligence in this case. * * * And so here, if they did not have all the time on board of that boat a special officer, or officers, if necessary, you may consider if that, *of itself,* was an element of negligence."

There was more in this line, calling the jury's attention to the fact that the captain was a special officer, and whether the captain and the crew, who might all be special officers, were not so busy with their duties that they could not take on those of a special officer also.

The whole tenor of the charge clearly indicated to the jury that they might find actionable negligence in this case, for which the defendant could be held, from the mere failure to have on board the boat a special officer or officers, if they thought, considering the character of the service in which the boat was engaged, such a special officer should have been there.

The pleadings raised no such issue as that. The declaration did not pretend that the boat was not properly manned, or that there was an insufficiency of crew or men to protect the passengers in any emergency. The sole issue made by the pleadings was "that the master and the crew   *   *   * disregarding their duty in the premises made no effort to stop and quell said brawl and fight or to protect the passengers from assaults," &c.

The defendant was not asked to meet the issue of whether it was required to provide a special officer in addition or as a part of the crew. Nor was the case tried upon that theory. Yet it was so submitted to the jury. It was not even made a part of the plaintiff's case by the proofs that there was no special officer on the boat, except as it appeared in a voluntary statement of a witness on cross-examination, in this wise:

"*Q.* And all these other occurrences, then, that you mention, did the employes of the boat restore order immediately after any disturbance would occur?

"*A.* Well, sometimes they would and sometimes the order would be restored by the friends.

"*Q.* Before they could get to them?

"*A.* Yes, sir; because usually they had a special officer there in uniform.

"*Q.* Who would look after the quiet of the boat?

"*A.* Yes, sir; one man."

And on redirect, the same witness said:

"*Q.* Well, you mentioned there being a special officer there frequently in uniform; did you see him there that date?

"*A.* No, sir.

"*Q.* Did you see him when you went down there?

"*A*. No, sir; not on that day."

A witness for the defendant testified on cross-examination as follows:

"*Q*. And did you have any special officers detailed to preserve order there or not?

"*A*. No, we did not carry any special officers; the captain acted as special officer.

"*Q*. Well, that answered my question; you say you have no special officer?

"*A*. No."

This is all the evidence in the case as to a special officer, and it only came as voluntereed or incidentally when the crew was being inquired about.

The charge of the court made the finding by the jury that no special officer was employed, of itself, one of the grounds from which they might find negligence in the defendant.

Both in actions of contract and tort this court has held that the trial court can only submit to the jury questions within the issue.

Mr. Justice Dixon thus states the principle: "It is a cardinal rule for the control of a trial court that the questions submitted to the jury should be within the issues raised by the pleadings." *Excelsior Electric Co.* v. *Sweet,* 30 *Vroom* 441; *Martinez* v. *Runkle,* 28 *Id.* 111.

For this error, fully covered by the exceptions, the judgment must be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Van Syckel, Dixon, Garrison, Gummere, Collins, Fort, Garretson, Hendrickson, Bogert, Krueger, Adams, Vredenburgh, Voorhees, Vroom.    16.