CHARLES BIERMAN AND RACHEL BIERMAN, PLAINTIFFS, DEFENDANTS IN ERROR, v. EDWARD STIEFEL, DEFENDANT, PLAINTIFF IN ERROR.

Submitted December 1, 1911—Decided June 20, 1912.

Plaintiffs declare upon a lease for past-due rent; defendant pleads non-performance by plaintiffs of their covenant to restore premises after partial destruction by fire, and plaintiffs reply that they did comply. On the trial of the issue thus raised it appeared that the dispute between the parties was based upon the question whether under the contract plaintiffs were bound to restore the buildings as they were at the time of the fire, or to the condition existing when demised. The plaintiffs claiming the latter, refused to restore beyond that point and the defendant, being unable to use premises otherwise, completed the restoration as of the time of the injury by fire. The trial court held with defendant on the issue presented by the pleadings, but refused to direct verdict for defendant, upon the ground that when defendant completed restoration the suspension of rent, permitted by the lease during period of restoration, ceased, and that it was defendant's duty to exercise reasonable diligence in restoring, so that the rent might begin to run, and submitted the question of diligence to the jury. *Held,* that, having construed the contract to be that plaintiffs were bound to restore as of the time of the fire, and as they had not done so, the only issue raised by the pleadings was determined, and it was error to submit to the jury the question of diligence on the part of the defendant in performing plaintiffs' covenant, as it was not an issue presented by the pleadings.

On error to the Supreme Court.

For the plaintiff in error, *Otto A. Stiefel.*

For the defendants in error, *James R. Nugent.*

The opinion of the court was delivered by

BERGEN, J. This action is to recover rent reserved in a lease in which defendants in error, plaintiffs below, were lessors, and the plaintiff in error, defendant below, was lessee,

who brings this writ to review the judgment recovered by the plaintiffs.

The declaration avers general performance by plaintiffs of all their covenants, and non-performance by defendant of his covenant to pay the rent reserved for the year commencing May 1st, 1907. Oyer of the written lease being craved by the defendant, the following covenant by plaintiffs appeared: "That in case of destruction or injury of the whole or any portion of the premises hereby demised by fire, he, the said lessor, will repair with all reasonable speed the destruction or injury done and place the premises in the condition in which they were, and for this purpose and to this end will keep the said buildings properly insured; also if the destruction or injury be total, or if the destruction or injury will deprive the lessee of the use of a substantial portion of the building or buildings on the premises, the rent above reserved and promised shall cease from the time of such destruction or injury until the premises are restored to the condition in which they were prior to the injury or destruction." Following this the plea avers that on April 11th, 1907, a fire so injured the said buildings as to deprive the defendant of their substantial use, and that the plaintiffs refusing to restore the premises to the condition in which they were prior to the fire, the defendant completed the restoration which was not finished until October 11th, 1907. To this plea the plaintiffs replied that they had, with all reasonable speed after the fire, restored the premises to the condition in which they were prior to the fire within twenty days thereafter. The only issue raised by these pleadings was whether the plaintiffs had restored the premises to the condition existing prior to the fire, before May 1st, 1908, that being the date to which rent was claimed. Under the lease the tenant was permitted to, and did, make substantial alterations to fit the building for restaurant purposes so that it was not, at the date of the fire, in the condition it was when demised, but much improved. It is not claimed by the plaintiffs that they restored the improvements made by defendant, for their contention at the trial was that they were only bound to restore the building to its condition at the date of demise and the case

was tried upon that theory, the plaintiffs offering testimony tending to show that they had by repairs restored the building to its condition at time of letting, claiming that this was all the contract required. It also appears in the record that when the plaintiffs refused to do more, the defendant gave them notice that unless they fully restored the building to the condition it was in at the time of the fire, he would do so and charge the expense to them, and that the plaintiffs giving no attention to the notice and neglecting to comply with its request, the defendant proceeded to complete the necessary repairs which were finished October 1st, 1907.

At the close of the case the defendant moved for a direction of verdict in his favor upon the ground that the lease, properly construed, required the plaintiffs to restore the premises to the condition they were in at the time of the fire, and did not limit the obligation of the plaintiffs to the condition when demise was made. The trial court held, and properly, that the construction of the contract was a court question, and in construing the contract held that the plaintiffs, in order to comply with their covenant, were bound to restore the building to the condition it was in at the time of the fire, and the covenant was not satisfied by limiting restoration to conditions present when the demise was made. Whether this construction is correct, it is not now necessary to determine, for it was the law of the case as applied by the court, and settled in favor of defendant the only issue raised by the pleadings, but the court refused the direction upon the ground that the tenant having undertaken to complete the restoration required of the plaintiffs was bound to do it in a reasonable time, and therefore two jury questions were presented. First, when did the tenant complete the restoration as required by the lease, at which time it was held the suspension of rent ceased? Second, did the defendant use reasonable diligence in completing the work, for if not, then the rent would revive from the period when, with reasonable diligence, it should have been finished? Without expressing any opinion on the correctness of this rule, which seems to charge the defendant with diligence in the performance of an obligation of the plaintiffs, it is enough to say that it imports

into the case questions not raised by the pleadings nor within the issues tried.

A careful examination of this record fails to show that either party had in mind during the trial the question of diligence on the part of the defendant, in performing the covenant of the plaintiffs, for the claim of the plaintiffs was that they had done all their covenant demanded when they restored as of the time of the demise, while the defendant insisted that they had not done even what they admitted they were bound to do, and this raised a question of fact which became of no moment when the court decided that admitting plaintiffs did all they claimed, it was not a compliance with their covenant which was a condition precedent to their recovery. Therefore we have before us a record showing an action for rent on a written lease with averment of general performance by plaintiffs of all their covenants, to which defendant pleads non-performance of a covenant by plaintiffs to restore partial destruction by fire, with replication by plaintiffs that they did restore to the extent they were bound, and a ruling by the court that on the issues raised by the pleadings the defendant would be entitled to judgment. This condition of the record did not warrant the trial court in submitting to the jury a question not within the issues presented by the pleadings, namely, whether when the defendant undertook to perform for his own benefit the covenant of the plaintiffs he had acted with reasonable diligence.

In *Martinez* v. *Runkle,* 28 *Vroom* 111, 122, the plaintiff declared upon an express contract for payment, at a specified price, for services which he claimed he had performed, and it was there held to be error to submit to the jury the question of *quantum meruit* upon an implied promise, that not being the case made by the pleadings.

"It is a cardinal rule for the control of a trial court that the questions submitted to the jury should be within the issues raised by the pleadings." *Excelsior Electric Co.* v. *Sweet,* 30 *Vroom* 441.

The trial court having in this case submitted to the jury questions not put in issue by the pleadings, or within the

minds of the parties, and their character being material and injurious to the defendant, its action was contrary to the legal rule applicable to such cases as established in this state.

This case comes from the Supreme Court where the judgment was affirmed on error, but the conclusion we have reached requires a reversal of the judgment below, and the awarding of a new trial, and it is so ordered.

*For affirmance*—VROOM, WHITE, JJ.   2.

*For reversal*—GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, CONGDON, JJ.   8.