(173 App. Div. 267)

LAMBDEN v. THOMPSON.

(Supreme Court, Appellate Division, Second Department.   June 2, 1916.)

1. LANDLORD AND TENANT ⬿230(1)—ACTION FOR RENT—ESSENTIAL ALLEGA-
TIONS.
    The essential allegations of an action for rent are that it is due and
that defendant promised to pay it, but did not.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
904–910;   Dec. Dig. ⬿230(1).]

2. DESCENT AND DISTRIBUTION ⬿79—DESCENT OF RENT.
    After death of the owner of leased premises, the rents go to his heir.
    [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig.
§§ 276–279;   Dec. Dig. ⬿79.]

3. DESCENT AND DISTRIBUTION ⬿90(1)—RIGHT OF HEIR—ACTION BY AS-
SIGNEE.
    The assignee of the sole heir and devisee of the lessor of premises,
the assignment being of all of the heir's right, title, and interest to and
in the rent and cause of action, could maintain an action against the
tenant, though there was no probate of the will.
    [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig.
§§ 351, 352, 368, 375;   Dec. Dig. ⬿90(1).]

Appeal from Westchester County Court.

Action by John F. Lambden against George K. Thompson.   From a
judgment for plaintiff, and an order denying his motion for new trial,
defendant appeals.   Judgment and order affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS,
and PUTNAM, JJ.

George S. Daniels, of New York City, for appellant.
Frank G. Schrenkeisen, of New Rochelle, for respondent.

JENKS, P. J.   [1-3]   This action is brought for rent of certain
premises of which the plaintiff and Eugene Lambden were landlords.
It was tried by the County Court and a jury.   The defendant answered
by way of counterclaim only.   He appeals from the judgment entered
on the verdict against him, but does not bring up the evidence.   He
relies upon the motion to dismiss the plaintiff at the close of plaintiff's
case and upon the motion made under section 399 of the Code of
Civil Procedure.   The allegations of rent due, and that the defendant
had promised to pay it, but had not, were sufficient.   Wallach v. Dry-
foos, 140 App. Div. 438, 125 N. Y. Supp. 305.   Eugene Lambden
died in October, 1909.   The rents *after* his decease went to his heir.
McAdam on Landlord and Tenant, 261, citing Wright v. Williams,
5 Cow. 501; Executors of Van Rensselaer v. Executors of Platner,
2 Johns. Cas. 17.   The complaint alleges that Annie Baber Lambden
was the sole heir and devisee under the will of Eugene Lambden, and
that she had assigned all of her right, title, and interest in the rent and
cause of action to the plaintiff.   This was sufficient, and probate of the
will was not essential.   Corley v. McElmeel, 149 N. Y. 228, 43 N. E.
628.

I advise that the judgment and order of the County Court of West-
chester County be affirmed, with costs.   All concur.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes