ALFRED UNIVERSITY, Respondent, v. WILLIAM G. FRACE and Others, Appellants, Impleaded with FRANK FRITZ and Others, Defendants.

Fourth Department, July 6, 1920.

**Wills — suit by devisee under unprobated will to set aside subsequent unprobated will and conveyance procured by fraud — waiver of jury trial — title to realty passes under unprobated will — revocation by fraud of prior will ineffective.**

Where an aged person having made a will by which she devised lands to the plaintiff, a corporation, subsequently made another will revoking the former will and devising said lands to the defendants, to whom she subsequently conveyed the lands by deed, and neither of said wills has been admitted to probate, the plaintiff may maintain a suit in equity to establish title under the first will and to have the second will and the conveyance of the decedent set aside as fraudulent and void.

Where said cause was placed on the trial calendar as one in equity by both parties, and the attorney for the defendants agreed that the cause should be tried by the court after the jury was discharged, there was a waiver of any right to trial by jury.

Title to the lands vested in the plaintiff under the will of the testatrix unaided by probate.

The Surrogate's Court could not afford the plaintiff relief by setting aside the deed to the defendants, and the proceeding to set aside both the deed and the second will may be joined in one action.

The provisions of the Code of Civil Procedure relating to jury trials in Surrogates' Courts are not an obstacle to such suit in equity where it was begun before the provision authorizing such jury trial became effective.

Where a second will is set aside as procured by fraud the entire instrument is vitiated, including a clause whereby a former will was attempted to be revoked, and devisees under the former will have a standing to assert their title in equity.

APPEAL by the defendants, William G. Frace and Belle Frace, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 23d day of November, 1918, upon the decision of the court, rendered after a trial at the Allegany Special Term, adjudging plaintiff to be entitled to possession of certain real property, and also an appeal by the defendant, Dawson D. Dickson, from a part of said judgment.

*James O. Sebring,* for the appellants William G. Frace and Belle Frace.

*Dawson D. Dickson,* appellant, in person.

*Fred A. Robbins,* for the respondent.

CLARK, J.:

Lydia S. Bridgeman, whose property is the subject of this litigation, an aged resident of Allegany county, died at the home of defendants Frace on the 8th day of May, 1912. Up to September, 1911, for many years she had lived alone on a farm of about 170 acres that she owned, and which was located in the neighborhood of the Frace farm. Early in September, 1911 (about September third), she had a shock and was removed to the home of defendants Frace, and remained there until her death. On her farm was a valuable timber tract, and the farm, including the timber, was worth $16,000 or better.

On the 11th day of September, 1911, she made and executed a will bequeathing to William G. Frace $1,000, besides whatever she might owe him for care and maintenance at the time of her death.

The residue of her estate she devised to Alfred University, this plaintiff, carrying out a purpose many times expressed in former years, and she appointed Judge Reynolds, the surrogate of Allegany county, as executor of her will.

On December 16, 1911, she made another will, by the terms of which she bequeathed her property to defendants Reuben, Ezra and Samuel Sanford, and defendants William G. and Belle Frace, his wife, and appointed D. D. Dickson executor thereof.

Neither one of these wills was ever admitted to probate. Miss Bridgeman left no husband, children, brothers, sisters, or decedents of such; her only heirs at law and next of kin were cousins, all of whom were made defendants in this action.

In January, 1912, and while she was still at the home of defendants Frace, she executed and delivered to them a deed of this farm, which comprised practically all her property.

Plaintiff began this action April 4, 1913, and asked that it be adjudged the owner of the said Lydia S. Bridgeman farm,

and entitled to the possession thereof; that the will of December 16, 1911, and the deed to defendants Frace of January 22, 1912, be declared fraudulent and void, and that the subsequent contracts made by Frace for the sale of the timber in question be declared void, and that plaintiff recover of defendants Frace $2,000 for withholding the property, and that it recover from defendants Frace, Stull and Troy the value of the timber which had been cut and removed from the property.

All answering defendants, except those who purchased the timber, demanded affirmative equitable relief, and the complaint as to the purchasers of the timber was dismissed on the trial.

The action was treated all the way through, and was tried as an action in equity, and plaintiff recovered judgment in and by which it was adjudged that the will of December 16, 1911, and the deed of January 22, 1912, to defendants Frace, be set aside as fraudulent and void; that plaintiff recover of defendants Frace the real property in question, and $11,000 they had received from the timber cut therefrom, and damages for withholding the property. No appeal was taken by any defendants excepting Frace and wife, and Dickson, executor under the second will.

Defendants Frace ask that this judgment be reversed on several grounds, the principal ones being:

*First.* That the court erred in refusing to grant them a trial by jury.

*Second.* That plaintiff could not maintain this action, and that the Supreme Court had no jurisdiction thereof.

The action had been noticed for trial for several terms of court in Allegany county by all parties who had pleaded, prior to January, 1917, and always noticed as an equity action. In Allegany county, where the action was triable, equity causes are heard in connection with the Trial Terms. That is, there are scheduled in the same calendar actions at law and equity causes. This case was placed on the equity calendar for the January, 1917, term of court, and was noticed for trial by all parties, and was listed in the calendar following the law calendar under the title: " Issues of Fact — Triable by the Court."

M. B. Jewell was attorney of record for defendants Frace,

and noticed the case for that term as an equity cause, as disclosed by the calendar. At several previous terms of court when Mr. Jewell was not present, Mr. McIntosh, a member of the Allegany county bar, represented him on the call of the calendar, and arranged his cases. At the January term, 1917, plaintiff was ready for trial. Mr. Jewell was not present, but was represented by Mr. McIntosh, who had also represented the Fraces several times in this and other litigations, and there was talk in open court that this case should be tried the second week of the term after the jury cases were disposed of. Mr. McIntosh, representing defendants Frace, and the attorney of record, Mr. Jewell, stated that owing to the illness of the father of Mr. Frace he could not try the case the second week, and suggested that after the jury cases were disposed of, and the jury discharged, the equity term be adjourned to a later date, and March twenty-fifth was agreed to by all parties as the time to which the equity branch be adjourned when the trial would proceed. The equity branch of the court was adjourned accordingly and later further adjourned by consent to June 25, 1917, at Belmont, where the trial was commenced. On that date the defendants Frace were for the first time represented by counsel who had not previously appeared in the case.

When the court convened, June twenty-fifth, the case was called, and counsel for Frace moved to dismiss the complaint, and the motion was denied. After that he demanded a jury trial, which was refused.

From the foregoing history of what took place in this litigation from the January, 1917, term onward, it is plain that even if defendants Frace had been entitled to a jury trial, they waived it by the previous proceedings. Section 1009 of the Code of Civil Procedure points out how trial by jury may be waived, but it does not say that it cannot be waived in any other way, and the methods pointed out in section 1009 are not exclusive. (*Mackellar* v. *Rogers,* 109 N. Y. 468; 24 Cyc. 155.)

The right to trial by jury can be waived by oral consent in open court, as well as by writing. (24 Cyc. 149–155; *Third National Bank* v. *Shields,* 55 Hun, 274; *Boyd* v. *Boyd,* 12 Misc. Rep. 119.)

The mere noticing the case for trial at Special Term would not in and of itself be sufficient to deprive defendants of the right to trial by jury, if they were otherwise entitled thereto, but the proceedings in this case show clearly and conclusively that all parties understood this to be an equity cause, all proceeded on that theory, and when the term was adjourned after the jury was discharged, at the request of counsel representing defendants Frace, the case to be taken up by the court at the adjourned date, they will be deemed to have waived any right to a trial by jury, if such right ever existed, and the trial justice properly refused the request for the jury trial.

Did the court at Special Term have jurisdiction to entertain and try this case? Defendants Frace strongly urge that the court was without such jurisdiction.

It must be understood that this action was not brought to probate a will, but to establish title to this farm in the plaintiff as devisee under the will of September 11, 1911, and to set aside the second will and the deed to defendants Frace under which they were in possession of the Bridgeman farm and claimed title to it.

The case of *Norris* v. *Norris* (32 Hun, 175) is a leading case to sustain plaintiff's theory that the action can be maintained in the Supreme Court by a devisee under an unprobated will. I do not find a case, and none has been cited, which disturbs the conclusions of the court in that case, where the action is brought by a devisee under an unprobated will disposing of real property.

In that case plaintiffs, legatees and devisees under an unprobated will, brought an action to set aside a subsequent transfer of the property devised to them by the will. It was held that the action could be maintained, the court saying, Mr. Justice DANIELS writing: " Even if the will had been proved,  *  *  *  relief could not have been obtained by any proceeding in the Surrogate's Court by the plaintiffs. They would still have been obliged to bring an action in another court having jurisdiction over the subject, to set aside what are alleged by them to have been unlawful conveyances of the property of the testatrix obtained by the defendant in violation of their rights. The proof of the will would simply have aided

them so far as to enable them to read it in evidence without further proof on the trial. Beyond that, proving it before the surrogate would have been of no possible benefit to them."

In other words, as was said in *Corley* v. *McElmeel* (149 N. Y. 228) : " Title vests in the devisee by virtue of the instrument itself, unaided by its probate." (See *Lambden* v. *Thompson,* 173 App. Div. 267; 40 Cyc. 1995, 1226; *Carr* v. *Anderson,* 6 App. Div. 6.)

The case of *Anderson* v. *Anderson* (112 N. Y. 104), relied upon by defendants Frace, is not an authority to control the situation here, for it was a very different kind of an action. That action was brought to *establish a will,* and for no other purpose. This action is brought in equity, to establish title in a devisee under an unprobated will, and to set aside a later will and deed, and as has already been pointed out, probate is not at all essential before title to real property vests in the devisee. (*Corley* v. *McElmeel,* 149 N. Y. 228; *Wallace* v. *Payne,* 14 App. Div. 597; *Irving* v. *Bruen,* 110 id. 558; *Lambden* v. *Thompson,* 173 id. 267.)

The case of *Irving* v. *Bruen* (*supra*) is ample authority to sustain plaintiff's theory that this court, exercising its equitable powers, where all parties interested are in court, can take hold of the aggregated facts and determine the rights of the parties and set aside both the subsequent will and deed in the same action, if the facts warrant it. That action was brought by an heir at law to set aside an unprobated will and a deed because of lack of mental capacity and undue influence. Plaintiff was successful. The court held that it was not necessary to wait for probate in Surrogate's Court and then bring the action. It said: " To set aside the deed an action in equity is necessary. It would be cumbersome practice which would require an action to set aside a deed and a second action after the will had been probated to set aside the will. Real estate passes under a will from the death of the testator without probate."

It must not be overlooked that in this case defendants Frace attempt to hold the real estate in question under a deed, and not under a will. Manifestly the Surrogate's Court could not afford plaintiff relief by setting aside that deed. That action would have to be brought for equitable relief in

the Supreme Court, and *Irving* v. *Bruen* (*supra*) holds squarely that proceedings to set aside the will and deed should be joined in one action.

In that case plaintiff was an heir at law, while here the plaintiff is a devisee, but so long as it gets its title from the will itself, and not from the probate, I cannot see why it cannot maintain the action as effectually as if it had been an heir instead of a devisee. (*LeBrantz* v. *Conklin*, 39 Misc. Rep. 715; *Adams* v. *Swift*, 169 App. Div. 802.)

If plaintiff had offered the will of September, 1911, for probate, it could not have brought in defendants Frace, for they were not heirs at law or next of kin of decedent, and if the second will had been probated plaintiff could not have been brought into that proceeding for a like reason. (Code Civ. Proc. § 2615, as amd. by Laws of 1905, chap. 438; now Code Civ. Proc. § 2610, as added by Laws of 1914, chap. 443.)

Any decree of the Surrogate's Court would not have been binding on those who were not made parties to the proceeding. (See Code Civ. Proc. § 2617, as amd. by Laws of 1894, chap. 118. See, also, Code Civ. Proc. §§ 2511, 2616–2618, as added by Laws of 1914, chap. 443.) It would seem, therefore, that the method adopted by plaintiff to bring all interested parties into court in an equity action was a sufficient and effectual way for adjusting the rights and interests of all parties to this controversy.

The provisions of the Code (§ 2538 *et seq.*) providing for jury trials in Surrogates' Courts would not be an obstacle in the way of maintaining this action. Those provisions were enacted in 1914 (Laws of 1914, chap. 443), and became effective September 1, 1914. This action was begun before that, on the 4th day of April, 1913, and pending actions were unaffected by the express provisions of section 2771 of the Code as added by that act. This action was pending when the act of 1914 took effect, and was, therefore, unaffected by its provisions. The amendment to section 2771 of the Code made by chapter 274 of the Laws of 1915, providing that " the provisions of this chapter relating to the trial by jury of controverted questions of fact shall apply to all such pending actions or special proceedings," was passed and took effect on April 13, 1915. While

this amendment may have permitted a trial of the issues by the surrogate, the amended section did not seem to prevent the trial of the pending action.

The trial court has held that Miss Bridgeman's will of December 16, 1911, was procured by fraud and undue influence, and has set it aside. It set aside the Frace deed for like reasons. If fraud entered into the testamentary act of making and executing the December will, the entire instrument was vitiated, including the clause whereby the former will was attempted to be revoked.

Both conclusions of the court as to the December will and January deed being the result of fraud and undue influence, were based on findings of fact supported by sufficient evidence.

The will of September 11, 1911, was duly made and executed, as the court has found, and was never legally revoked, and on the death of ·Miss Bridgeman, plaintiff, as devisee under that will, became the owner of the farm in question, and as such is entitled to the equitable relief granted by the trial court.

I, therefore, recommend that the judgment be affirmed, with costs.

All concur.

Judgment affirmed, with costs.